IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE CASIDA, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO.,<br><br>          Defendants. | Case No. 1:11-cv-02110<br><br>Honorable Milton I. Shadur |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, STRIKE AND/OR FOR MORE DEFINITE STATEMENT

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff Candace Casida's complaint is defective in several key respects.  Plaintiff seeks injunctive and declaratory relief, but her factual allegations confirm she is a former employee and thus lacks standing to seek these remedies.  Plaintiff seeks penalties pursuant to California Business and Professions Code section 17200, although the law is clear that penalties are not available under that statute.  Because her pleading is ambiguous, it is unclear whether Plaintiff asserts claims for minimum wage violations under the Fair Labor Standards Act (FLSA). Plaintiff's FLSA and California overtime claims are likewise vague and lacking in factual support.  The Supreme Court has twice ruled that such conclusory allegations, which fail to give defendants and the Court clear notice of the claims to be litigated, are no longer acceptable and must be stricken.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).[1]

---

[1] Sears believes that the California claims should not be venued in this Court and should be transferred to the U.S. District Court for the Eastern District of California, Eastern Division sitting in Fresno,

## II.   STATEMENT OF RELEVANT FACTS

### A.   Plaintiff's Claims

Plaintiff alleges five claims: (1) failure to pay overtime wages in violation of the FLSA, Complaint ¶¶ 26-32; (2) failure to pay overtime wages in violation of Industrial Welfare Commission Wage Order No. 7-2001 (8 C.C.R. § 11070) (IWC Wage Order) and California Labor Code (CLC) sections 510 and 1198, Compl. ¶¶ 33-38; (3) failure to pay all compensation due and owing at termination in violation of CLC sections 201 and 202, Compl. ¶¶ 39-43; (4) failure to provide timely and accurate wage statements in violation of IWC Wage Order and CLC section 226(a), Compl. ¶¶ 44-46; (5) failure to properly classify Assistant Managers, maintain accurate time records, provide correct wage statements, pay overtime and double-time wages, and provide all compensation due and owing at termination, amounting to unfair business practices in violation of California Business and Professions Code section 17200, *et seq.*

Plaintiff seeks:  (1) an order certifying Count I as a collective action with a direction to send notice to potential plaintiffs of the pendency of the claim and the ability to opt-in; (2) an order certifying Counts II-V as a class action pursuant to Federal Rule of Civil Procedure 23; (3) compensatory and statutory damages, as well as various penalties including penalties incorporated by reference into Plaintiff's California Business and Professions Code section 17200 claim (Count V); (4) injunctive relief; (5) attorney's fees; (6) costs; (7) pre and post-

---

California.  Plaintiff pleads that she lives and worked for Sears in Bakersfield, California, which is in Kern County.  Eastern District of California Local Rule 120(d) specifies that "All civil and criminal actions and proceedings of every nature and kind … arising in … Kern … counties shall be commenced in the United States District Court sitting in Fresno, California".  Sears understands that this Court has ordered Plaintiff to explain by May 11, 2011 why the California claims should remain in this Court.  If after receiving Plaintiff's explanation the Court wishes Sears to set forth in detail its position, Sears will do so, whether by motion to transfer venue or other manner as the Court directs.  Sears will also refrain from filing a partial answer to the California claims not challenged herein until this Motion is resolved. *See Oil Express National, Inc. v. D'Alessandro*, 173 F.R.D. 219 (N.D. Ill. 1997) (partial motion to dismiss extends time to answer all claims).

judgment interest; (8) further relief as the Court deems just and proper.  Prayer For Relief ¶¶ 1-8.

### B.  Plaintiff's Conclusory Factual Allegations

Although it is unclear, Plaintiff appears to allege that she and similarly situated Sears employees are entitled to damages equal to "mandated minimum wages" under the FLSA, but provides no facts supporting a possible minimum wage claim.  *See* Complaint ¶ 31.  Plaintiff further alleges she is entitled to overtime under California law, but states only that "Plaintiff and the proposed Class members often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime and double-time premiums."  Complaint ¶ 35, 36.  Plaintiff seeks declaratory and injunctive relief, but fails to plead any facts to confer standing to assert these claims.  *See* Complaint ¶¶ 24, 48 (citing Labor Code section 1174), ¶ 51, Prayer For Relief ¶ 4.  Plaintiff does not allege she was a Sears employee when she filed the complaint on March 28, 2011.  Instead, Plaintiff admits she worked as an Assistant Manager at Sears from February of 2007 until on or about November 9, 2010.  Complaint ¶¶ 4, 14.

## III.  ARGUMENT

### A.  The Legal Standard Under Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial".  *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993).  Sears asks that the Court dismiss with prejudice and/or strike (1) Plaintiff's injunctive and declaratory relief claims in Paragraph 24, Count V and  Prayer for Relief, and Plaintiff's penalty claims in Count V, and (2) Plaintiff's minimum wage allegations in Count I and overtime claims in Counts I and II

pursuant to *Twombly* and *Iqbal*.  *See Twombly*, 550 U.S. 544; *Iqbal*, 129 S. Ct. 1937.

**B.      Plaintiff Lacks Standing for Her Demands for Injunctive Relief**

Plaintiff seeks injunctive relief, both through her California Business and Professions Code section 17200 claim, and her express demand for injunctive relief, and she seeks injunctive and declaratory relief in her collective and class action allegations.  *See* Complaint ¶ 24 (asserting that class action treatment is necessary to render "final injunctive or corresponding declaratory relief"), ¶ 48 (citing Cal. Labor Code section 1174); ¶ 51 (seeking a "preliminary and permanent injunction" enjoining Sears from the practices alleged in the Complaint); Prayer for Relief ¶ 4.  These allegations must be stricken because Plaintiff has no standing to recover this relief.  The law is clear:  former employees do not have standing to seek declaratory or injunctive relief against a former employer.  *See Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) ("class members who were no longer…employees at the time the complaint was filed do not have standing to pursue injunctive or declaratory relief"); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) (finding plaintiff had no standing to seek declaratory and injunctive relief against former employer); *Johnson v. Sandoval*, No. 07-CV-0191-MJR, 2008 U.S. Dist. LEXIS 28735, at **10-11 (S.D. Ill. Apr. 8, 2008) (finding plaintiff had no standing to seek injunctive relief against former employer); *Shannon v. Sheahan*, No. 01 C 252, 2005 U.S. Dist. LEXIS 7405, at **10-11 (N.D. Ill. Mar. 24, 2005) (same).  Here, Plaintiff admits she worked for Sears only until November 2010.  *See* Complaint ¶ 4 ("From February 2007 until November  2010, Plaintiff was employed by Sears as an Assistant Manager in the Bakersfield, California Sears full-line retail store"); ¶ 14 ("Plaintiff resigned from employment with Sears on or about November 5, 2010").

Plaintiff filed her Complaint on March 28, 2011.  Because Plaintiff was not a Sears employee at that time, she has no standing to seek injunctive or declaratory relief.  *See Flynn v.*

*Fairmont Hotels & Resorts*, CV. NO. 10-00285 DAE-LEK, 2010 U.S. Dist. LEXIS 137698 at

*11-12 (D. Haw. Dec. 29, 2010) (former employees lacked standing to pursue injunctive relief

concerning alleged violation of state wage statutes).  For the same reason, Plaintiff's requests for

injunctive relief (Complaint ¶¶ 48, 51; Prayer for Relief ¶4) are improper and should be stricken.

*See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employees

lack standing to seek injunctive relief because they would not stand to benefit from it).

Plaintiff's request for declaratory relief must also be dismissed because it is derivative of

her insufficient wage and other claims.  *See Gutierrez v. Aaron's Inc.*, 2:10-cv-02417-MCE-

EFB, 2010 U.S. Dist. LEXIS 126828, at *8-9 (E.D. Cal. Nov. 30, 2010) (dismissing derivative

claim for declaratory relief because underlying claims insufficient to meet pleading

requirements).  Further, it is impermissible for Plaintiff to state a separate declaratory relief claim

based solely on issues raised in other counts of the Complaint.  *See Marty v. Wells Fargo Bank*,

No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686 (E.D. Cal. Mar. 21, 2011) ("It

is well recognized that where a plaintiff has alleged a substantive cause of action, a declaratory

relief claim should not be used as a superfluous second cause of action for the determination of

identical issues subsumed within the first") (internal quotations omitted); *Hood v. Superior

Court*, 33 Cal. App. 4th 319, 39 Cal. Rptr. 2d 296, 298 (1995).  Plaintiff's claim for declaratory

relief must be dismissed and her requests for declaratory and injunctive relief stricken.

    C.    **Plaintiff's Penalty Claims Should be Stricken from Count V**

Plaintiff seeks to incorporate California Labor Code sections 203, 226 and 1174 into

Count V of the Complaint under California Business and Professions Code section 17200, *et seq*.

("UCL").  *See* Complaint, ¶¶ 47, 48.  This is improper because as a matter of law, none of these

Labor Code sections can provide the basis for a UCL claim.[2]

The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice".  An action based on the UCL to redress "unlawful" practices "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 826 P.2d 730, 734 (1992).  "A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices.  It is not an all-purpose substitute for a tort or contract action.  '[D]amages are not available under [Business and Professions Code] section 17203.'"  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 96 Cal.Rptr.2d 518, 525 (2000); *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 131 Cal.Rptr.2d 29, 42-43 (2003).  Although the UCL permits the borrowing of other substantive claims, its own unique remedies are very narrow.  *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 83 Cal.Rptr.2d 548, 560 (1999) (citing "its limited remedies").  The California Supreme Court has emphasized that the only remedies available to a private plaintiff under the UCL are injunctive relief and restitution. *Cel-Tech*, 973 Cal.Rptr.2d at 560 ("Prevailing plaintiffs are generally limited to injunctive relief and restitution"); *Korea Supply*, 131 Cal.Rptr.2d at 37 (same); *see also* Cal. Bus. & Prof. Code § 17203 (court may order defendant "to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition").

Penalties cannot be recovered in a private UCL action because they are not restitution. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 119 Cal.Rptr.2d 296, 303-04 (2002) ("In a suit under the

---

[2]     Plaintiff attempts to sweep into her UCL claim each and every allegation in the Complaint by referencing all prior paragraphs of the complaint.  *See* Complaint ¶ 47.  Not only is this confusing and of limited value, it does not obviate the need for specific pleading of facts to demonstrate an entitlement to relief.  *See Twombly*, 127 S. Ct. at 1974; *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997).

UCL, a *public prosecutor* may collect civil penalties, but a *private plaintiff's* remedies are generally limited to injunctive relief and restitution") (internal quotation marks omitted) (emphases added); *Korea Supply*, 131 Cal.Rptr.2d at 37 ("Civil penalties may be assessed in public unfair competition actions, but the law contains no criminal provisions. (§ 17206.) We have stated that under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'"); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 241 P.3d 870, 878 (2010) (under UCL, "a private plaintiff's remedies are generally limited to injunctive relief and restitution") (internal quotations marks omitted); *Reese v. Wal-Mart Stores, Inc.*, 73 Cal. App. 4th 1225, 87 Cal. Rptr.2d 346, 357 n.8 (1999) (in discussing UCL claims, the court stated: "equitable relief would not include the statutory penalties").

Section 203 penalties cannot be recovered under the UCL.  The California Supreme Court held precisely this in November 2010.  *Pineda*, 241 P.3d at 878-879.  The Court should strike any references to section 203 from Count V of the Complaint.

Courts have also found that section 226 penalties cannot be recovered under the UCL. *See  Villegas v. J.P. Morgan Chase & Co.*, 2009 U.S. Dist. LEXIS 19265, at *16 (N.D. Cal. Mar. 6, 2009) (granting motion to dismiss:  "claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim"); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009) (granting motion to dismiss: "[N]either Section 203 nor Section 226 can provide a basis for a Section 17200 claim, given that both statutes provide for a penalty, rather than wages"); *In re Wal-Mart Stores*, 505 F. Supp. 2d at  619 (granting motion to dismiss: "claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim.").  Consequently, the Court should strike all references to section 226 from Count V of the Complaint.

Plaintiff also includes a reference to Labor Code section 1174.[3]  Section 1174 does not provide a private right of action.  Section 1174.5 – which Plaintiff does not mention in the Complaint – provides for a civil penalty, but only government entities can directly recover a civil penalty.  Since a private plaintiff cannot recover any type of penalty under the UCL, to the extent Plaintiff's reference to section 1174 is intended to provide the basis for a penalty, the reference must be stricken.  Moreover, section 1174 is a recordkeeping statute, and any conceivable relief thereunder would not be restitutionary.  If Plaintiff intends for section 1174 to provide the basis for injunctive relief, she has no standing to pursue that type of relief, as discussed above.  The Court should strike all references to section 1174 from Count V of the Complaint.

Sears is prejudiced by Plaintiff seeking to include these penalty provisions in Count V.  The effect of doing so is to extend impermissibly the statute of limitations, and thus discovery, on these penalties.  The UCL provides a 4-year statute of limitations.  Thus, even though the statute of limitations is 3 years for a section 203 claim, and 1 year for a section 226 claim, if sections 203 and 226 could be pled properly under the UCL (and as explained above, they cannot), they would have a 4 year statute under the UCL.  Sears is thus prejudiced by having to engage in extra years of discovery on these penalties which, as a matter of law, cannot have a 4 year statute of limitations because they cannot be pursued under the UCL.

**D.** **Plaintiff's Minimum Wage And Overtime Allegations Are Insufficiently Alleged**

### 1. The Legal Standard Under *Twombly* and *Iqbal*

The United States Supreme Court has confirmed that because defendant and the court must have clear notice of the claims to be litigated, trial courts should dismiss allegations when

---

[3]     Section 1174 requires employers to maintain payroll records showing hours worked and wages earned.

plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Twombly* and *Iqbal* set a two-step process for analyzing a complaint's sufficiency. First, the Court must accept as true all factual allegations, but exclude/ignore "conclusory statements" or "threadbare recitals of the elements." *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). "[P]leadings that…are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950; *accord Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[i]t is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (finding *Twombly* and *Iqbal* require specific facts to ground legal claims, and courts should not "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

Second, the Court must determine whether the complaint states a plausible claim on its face. *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*; *see also In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 629 (7th Cir. 2010) (explaining the *Iqbal* plausibility standard: "[t]he fact that the allegations undergirding a claim could be true is no longer enough to save a complaint from being dismissed; the complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote."); *Swanson,* 614 F.3d at 404 (the plausibility standard requires plaintiff to "give

enough details about the subject-matter of the case to present a story that holds together."). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Therefore, *Twombly* made clear that it is not proper for a court to assume that a plaintiff can prove facts he has not alleged, or that the defendants have violated laws in ways not alleged. *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723(1983)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570.

After *Twombly* and *Iqbal*, courts have increasingly dismissed wage-and-hour class action complaints that lack the requisite facts to support the allegations and allow the defendant to mount a defense. *See*, *e.g.*, *Anderson v. Blockbuster*, No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854 (E.D. Cal. May 4, 2010); *Doe I v. Wal-Mart Stores*, 572 F.3d 677, 683 (9th Cir. 2009); *Harding v. Time Warner*, No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) (allegations that employer failed to pay and properly calculate overtime; keep accurate records of all hours worked; provide all wages in a compliant manner; provide uninterrupted meal periods; provide accurate itemized wage statements, and comply with Labor Code section 203  insufficient); *Harding v. Time Warner, Inc.*, No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. Jan. 26, 2010) (dismissing complaint again for failure to set forth plausible facts); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (allegations insufficient where plaintiffs alleged they "regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA"; "Defendant…regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly

situated individuals for all hours actually worked";  and "Defendant...fail[ed] to keep accurate time records to avoid paying them overtime wages and other benefits").

Dismissal of claims failing to meet the *Twombly* standard is especially vital for cases like this one, in which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases."  *Twombly*, 550 U.S. at 559, 560 n. 6; *see also Swanson*, 614 F.3d at 405 (noting the concern over discovery costs motivated the Supreme Court in *Twombly* and *Iqbal* because "[t]oo much chaff was moving ahead with the wheat."); *Noble v. Serco, Inc.*, No. 3:08-76-DCR, 2009 U.S. Dist LEXIS 54632, at *4 (E.D. Ky. Jun. 25, 2009) (claim for unpaid overtime "has the potential to be a complicated and expensive matter involving multiple plaintiffs around the country"); *see also In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 U.S. Dist. LEXIS 57982, at *23 (N.D. Cal. Jul. 24, 2007) (allowing discovery prior to determining sufficiency of allegations in cases involving burdensome discovery would "defeat one of the rationales of *Twombly*").

## 2.  Plaintiff's Minimum Wage Allegations In Count I Are Insufficiently Alleged

It is unclear from Plaintiff's Complaint whether she seeks to allege minimum wage claims.  *See* Complaint ¶ 28 ("The FLSA regulates, among other things, the payment of minimum wages and overtime pay.."); Complaint ¶ 31 ("Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wages..").  To the extent Plaintiff seeks to allege a minimum wage claim, she must provide significantly more factual specificity.  *See, e.g., Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 U.S. Dist. LEXIS 138468, at *13 (S.D. Ill. Feb. 12, 2010) (finding plaintiff did not plead sufficient facts with regard to his state law claim alleging failure to pay minimum wage, because "[s]imply pleading that he  worked overtime or time off the clock is not sufficient to plausibly suggest his

weekly wage was less than his hours worked multiplied by the applicable minimum hourly wage."). In *Jones*, 538 F. Supp. 2d 1094, the defendants sought dismissal of an FLSA minimum wage claim. The court held that the following allegations were too conclusory to satisfy the *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA" and "Defendant ... regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours actually worked" and "Defendant ... fail[ed] to keep accurate time records to avoid paying them over-time wages and other benefits." The court stated that the "Amended Complaint only provides generic, conclusory assertions of a right to relief" and that "there [was] not, on the face of the Amended Complaint, a single factual allegation that would permit an inference that even one member of the Plaintiffs' collective has a 'right to relief above the speculative level.'" *Id.* at 1102-03. Accordingly, the court dismissed the FLSA minimum wage claim as "implausible on its face." *Id.* at 1103. The Court here should similarly dismiss with prejudice or strike any minimum wage allegations.

### 3.   Plaintiff's Overtime Allegations In Counts I and II Are Insufficiently Alleged

Plaintiff's first and second claims for overtime are similarly defective under *Iqbal*. Plaintiff alleges in Count I that Sears, in accordance with a company-wide policy, "violated the FLSA by, among other things, misclassifying its Assistant Managers as exempt from overtime and requiring them to work more than 40 hours per week without compensating them for overtime pay at one-and-one half times the employees' regular rates of pay . . . Sears has also willfully failed to keep accurate records for all hours worked by its employees." Complaint ¶ 29. Plaintiff further alleges in Count II, which is brought under California law, that "Plaintiff and the proposed Class members often worked in excess of the maximum hours allowed by law without

payment of the applicable overtime and double-time premiums."  Complaint ¶ 35.

This is plainly insufficient. Where a class action plaintiff alleges unpaid overtime wages, allegations that plaintiff and class members worked "in excess of" eight hours in one day are insufficient under *Twombly* and *Iqbal*.  *See Anderson*, 2010 U.S. Dist. LEXIS 53854 at *6 (dismissing overtime claims where plaintiff alleged that he and class members "consistently worked in excess of eight hours in one day, in excess of 12 hours in a day and/or in excess of 40 hours in a week").  At a minimum, Plaintiff must also allege the applicable rate of pay and the amount of overtime wages due to the class.  *See Harding*, 2010 U.S. Dist. LEXIS 5896 at *15 ("the complaint should, at least approximately, allege the hours worked for which these wages were not received") (*citing Zhong*, 498 F. Supp. 2d at 628 and *Jones*, 538 F. Supp. 2d at 1102).

Here, Plaintiff provides no specifics with respect to her own claim, and her class allegations are also conclusory.  *Iqbal*, 129 S.Ct. at 1950 ("pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"); *see also Jones*, 538 F. Supp. 2d at 1102 (holding the following allegation insufficient: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages").  In *Anderson*, 2010 U.S. Dist. LEXIS 53854, the court rejected conclusory allegations that the "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week"; "Defendants willfully failed to pay all overtime"; "Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants their wages, earned and unpaid either at the time of discharge, or within 72 hours of their leaving Defendants' employ."  *Id.* at *6-9.  The court held these allegations did not meet minimum pleading requirements because "Plaintiff fails to state when or how Defendant failed to pay the required wages."  *Id. at *8*; *see also Weigele v. FedEx Ground*

*Package Sys.*, 06-CV-1330, 2010 U.S. Dist. LEXIS 120475 at *10, 13 (dismissing non-specific

allegations regarding failure to pay overtime); *DeLeon v. Time Warner Cable,* No. CV 09-2438,

2009 U.S. Dist. LEXIS 74345 *7-8 (C.D. Cal. Jul. 17, 2009) (granting motion; statutory

language and conclusory statements fail to state Labor Code claim); *DeSilva v. N. Shore-Long

Island Jewish Health Sys.*, No 10-CV-1341, 2011 U.S. Dist. LEXIS 27138, at *23 (E.D.N.Y.

Mar. 16, 2011) (dismissing claims where no factual allegations about when unpaid wages were

earned or number of overtime hours claimed); *Mell v. Gnc Corp.*, No. 10-945, 2010 U.S. Dist.

LEXIS 118938 at *23 (W.D. Pa. Nov. 9, 2010) (same); *Pruell v. Caritas Christi*, NO. 09-11466-

GAO, 2010 U.S. Dist. LEXIS 101761 at *11 (D. Mass. Sept. 27, 2010) (dismissing wage claims

which failed to detail approximate hours worked per week and weekly rates).

The conclusions alleged here simply do not make it "plausible" that overtime claims exist

under either the FLSA or California law.  *Iqbal*, 129 S. Ct. at 949 (*quoting Twombly*, 550 U.S. at

557) (merely pleading facts consistent with defendants' liability stops short of plausibility).

Thus the Court should dismiss Plaintiff's first and second claims.

### E.   Plaintiff's Minimum Wage and Overtime Claims Should be Stricken from Count V

The Court must also dismiss or strike Plaintiff's Business & Professions Code § 17200

claim to the extent it relies on Plaintiff's untenable minimum wage and overtime claims.  *See

Gutierrez*, 2010 U.S. Dist. LEXIS 126828 at *8-9 (dismissing derivative competition claim;

underlying causes of action insufficient to meet pleading requirements); *Weigele*, 2010 U.S. Dist.

LEXIS 120475 at *13 n. 4 ("Because Plaintiffs' unfair competition claim derives from their

overtime claims and meal and rest period claims, the unfair competition claim fails if the other

claims fail"); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009)

(where claims for Labor Code failed, derivative claim also failed);  *Price v. Starbucks Corp.*, 192

Cal. App. 4th 1136, 1147, 122 Cal.Rptr.3d 174, 182 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail.").

**F.      In the Alternative, the Court Should Require A More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order a more definite statement where the complaint is "so vague or ambiguous" that Sears "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Warth v. Seldin*, 422 U.S. 490, 501-02, 95 S. Ct. 2197, 2206-07, 45 L. Ed. 2d 343, 356 (1975). Such an order serves the interests of the Court and parties; "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd.*, 77 F.3d 364, 367 (11th Cir. 1996) (court should have instructed plaintiff to provide more definite statement). Should this Court determine that Sears' motion to dismiss and motion to strike are not warranted, Sears requests that the Court order a more definite statement.

**IV.   CONCLUSION**

Accordingly, the Court should grant Defendants' Motion to Dismiss and Motion to Strike, or in the alternative, require a more definite statement.

Dated: May 10, 2011                    Respectfully submitted,

                                       By:  /s/Lynne C. Hermle
                                       _____
Paul R. Garry                              Lynne C. Hermle
Erika Dillon                               Joseph C. Liburt
Jason E. Barsanti                          ORRICK, HERRINGTON & SUTCLIFFE LLP
MECKLER BULGER TILSON                      1000 Marsh Road
MARICK & PEARSON LLP                       Menlo Park, CA  94025
123 North Wacker Drive, Suite 1800         Telephone:      (650) 614-7400
Chicago, Illinois  60606                   Facsimile:      (650) 614-7401
Telephone:  (312) 474-7900
Facsimile:   (312) 474-7898                Attorneys for Defendants
                                           SEARS HOLDINGS CORPORATION and
                                           SEARS, ROEBUCK & CO.

## CERTIFICATE OF SERVICE

I, Lynne C. Hermle, hereby certify that on May 10, 2011, I electronically filed the

foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION**

**TO DISMISS, STRIKE AND/OR FOR MORE DEFINITE STATEMENT** with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth A. Fegan, Esq.
Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., #400
Oak Park, IL 60301-1043
beth@hbsslaw.com
dank@hbsslaw.com

Joshua G. Konecky, Esq.
Lisa M. Bowman, Esq.
Todd M. Schneider, Esq.
SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
jkonecky@schneiderwallace.com
lbowman@schneiderwallace.com
tschneider@schneiderwallace.com

Matthew B. George
Eric H Gibbs
Philip B Obbard
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
mbg@girardgibbs.com
ehg@girardgibbs.com
pbo@girardgibbs.com

_/s/_Lynne C. Hermle_____
Lynne C. Hermle

OHS WEST:261141895.8

-16-