IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDACE CASIDA, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO.,<br><br>          Defendants. | Case No. 1:11-cv-02110<br><br>Honorable Milton I. Shadur |

## DEFENDANTS' ANSWER TO FIRST AMENDED
## COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (collectively "Defendants") hereby submit their Answer, including affirmative defenses, to the Plaintiff's First Amended Complaint (the "FAC"). Defendants reserve herein the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

## INTRODUCTION

1.     Plaintiff Candace Casida, on behalf of herself and all others similarly situated, brings this collective and class action against Defendants Sears Holdings Corporation and Sears, Roebuck & Co. (collectively, "Sears" or "Defendants"), alleging that Defendant misclassified its Assistant Managers as exempt from the overtime requirements of federal and state labor laws. The Assistant Managers at Sears retail stores lack the kind of independent judgment and discretion that is needed to qualify for the managerial exemptions to overtime and other wage protections under federal and state law. In addition, Assistant Managers do not perform non-manual labor that is directly related to the management policies or general business operations of Sears as required by the administrative exemption, do not manage the stores and departments in which they work in the manner contemplated by the executive exemption, and do not meet the other prongs of either the administrative or executive exemption tests. Moreover, the job of the Assistant Managers uniformly revolve around non-exempt work activities, such as merchandising, working the cash register, assisting customers, cleaning fixtures, stocking shelves, and accepting deliveries of incoming product. Plaintiff seeks relief from this Court in the form of unpaid wages, as well as additional damages and equitable relief described herein.

**ANSWER:**  Defendants admit that Plaintiff purports to bring this lawsuit as alleged, and purports to seek relief in the form of unpaid wages, additional damages and equitable relief.  Defendants deny the merits of the claims against them and deny Plaintiff's entitlement to the relief alleged.  Defendants deny the remaining allegations of paragraph 1 of the FAC.

## JURISDICTION AND VENUE

2.      The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 § [sic] U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.  Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and the Defendants, on the other, are citizens of different states.

**ANSWER:**  Defendants deny that the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs; however, Defendants admit that Plaintiff asserts an amount in controversy exceeding $5,000,000 for purposes of establishing CAFA jurisdiction.  Defendants admit the remaining allegations in paragraph 2 of the FAC.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Sears maintains its principal place of business and headquarters in this district and conducts substantial business in this District sufficient to avail itself of personal jurisdiction in this District.

**ANSWER:**  Defendants admit the allegations in paragraph 3 of the FAC.

## PARTIES

4.      Plaintiff Candace Casida is a California citizen residing in Bakersfield, California. From February 2007 until November 2010, Plaintiff was employed by Sears as an Assistant Manager in the Bakersfield, California Sears full-line retail store.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that she is a California citizen residing in Bakersfield, California.  Defendants admit that Plaintiff was employed by Sears, Roebuck and Co. as an

Assistant Manager, as Defendants understand that term, in the Bakersfield, California Sears full-

line store from February 2007 to November 2010.  Defendants deny the remaining allegations in

paragraph 4 of the FAC.

> 5.      Defendant Sears Holdings Corporation ("Sears Holdings") is a Delaware
corporation with its principal place of business in Hoffman Estates, Illinois.  Sears Holdings
Corporation does extensive business nationwide.

> **ANSWER:**  Defendants admit that Sears Holdings is a Delaware corporation with

its principal place of business in Hoffman Estates, Illinois.  Defendants deny the remaining

allegations in paragraph 5 of the FAC.

> 6.      Defendant Sears, Roebuck and Co. is a New York Corporation and is a wholly
owned subsidiary of Sears Holding Corporation. Its principal place of business is also in
Hoffman Estates, Illinois and it does extensive business nationwide. Defendants are collectively
referred to herein as "Sears."

> **ANSWER:**  Defendants admit the allegations in paragraph 6 of the FAC.

> 7.      Defendants are or were the joint employers of Plaintiff and the employees she
seeks to represent. Plaintiff is informed and believes that each and every of the acts and
omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting
as agents and/or employees, and/or under the direction and control of each of the other
Defendants, and that said acts and failures to act were within the course and scope of said
agency, employment and/or direction and control.

> **ANSWER:**  Defendants deny the allegations in paragraph 7 of the FAC.

## GENERAL ALLEGATIONS

> 8.      Sears owns and operates approximately 900 "full-line" Sears-branded retail stores
throughout the United States that sell apparel, home furnishings, hardware, and electronics.

> **ANSWER:**  Defendants admit that Sears, Roebuck and Co. owns and operates

approximately 900 full-line stores throughout the United States that sell apparel, home

furnishings, hardware, and electronics.  Defendants deny the remaining allegations in paragraph

8 of the FAC.

### Sears' Misclassification of Its "Assistant Managers"

> 9.      Sears employs multiple Assistant Managers in each of its full-line retail stores,
and there is almost always more than one Assistant Manager on duty during business hours. At
each store, Sears also employs retail associates who are compensated on an hourly basis and are

eligible to earn overtime.  Assistant Managers, while given some limited responsibilities in addition to those held by non-exempt associates, do not exercise independent judgment and discretion on matters of significance, do not perform work directly related to management policies or general business operations of Sears, do not manage the stores and departments in which they work, and do not have the authority to conduct management duties on a regular basis. Instead, Assistant Managers at Sears are primarily engaged in non-exempt work on a day-to-day basis. Such non-exempt work activities include merchandising, working the cash register, assisting customers with routine inquiries, stocking shelves, cleaning fixtures, and receiving shipments of product. Assistant Managers are required to perform these tasks day-in and day-out and spend the majority of their working hours engaged in these non-exempt tasks.

      **ANSWER:**  Defendants admit that Sears, Roebuck and Co. employs multiple Assistant Managers, as Defendants understand that term, as well as non-exempt hourly associates who are eligible for overtime, in its full-line stores.  Defendants admit that Sears, Roebuck and Co. frequently has more than one Assistant Manager, as Defendants understand that term, on duty during business hours in Sears, Roebuck and Co.'s full-line stores, but lacks knowledge or information sufficient to form a belief as to whether there is "almost always" more than one Assistant Manager, as Defendants understand that term, on duty during business hours in Sears, Roebuck and Co.'s full-line stores.  Defendants deny the remaining allegations in paragraph 9 of the FAC.

      10.    In order ensure their assigned departments meet Sears corporate standards and are up to date with current products and promotions, Assistant Managers, who are not eligible for overtime pay, work long hours before the stores open and after the stores close performing non-exempt work such as setting up sales racks and appropriate signage for displays.  Much of this non-exempt work is required to be performed by Assistant Managers because Sears maintains a company-wide policy and practice of strictly controlling labor costs, and in particular, the hours of work of retail associates in accordance with sales expectations.

      **ANSWER:**  Defendants admit that Sears, Roebuck and Co. classifies Assistant Managers, as Defendants understand that term, as exempt from overtime.  Defendants deny the remaining allegations in paragraph 10 of the FAC.

      11.    The limited job responsibilities Assistant Managers are given in addition to those held by other non-exempt store employees, such as scheduling associates and interviewing prospective employees, are strictly prescribed by company policies and procedures. Nonetheless, these activities do not comprise the majority of Assistant Managers working hours, are not their primary duties, and do not make the job properly classified as exempt.

**ANSWER:**  Defendants admit that Assistant Managers, as Defendants understand that term, may engage in scheduling and interviewing.  Defendants deny the remaining allegations in paragraph 11 of the FAC.

### Sears' Failure To Pay Assistant Managers Overtime Wages

12.     Sears prohibits its Assistant Managers from recording the time they spend working.  Instead, regardless of the number of hours worked in a given week, Sears' payroll system automatically logs a pre-set number of hours per pay period.  As an Assistant Manager at Sears' Bakersfield, California retail store, Plaintiff regularly worked more than 60 hours a week and sometimes more than 12 hours in a day. Plaintiff was classified as an "exempt" employee by Sears and was compensated on a salary basis at the rate of $40,000 per year. Plaintiff is informed and believes that Sears maintains a policy and practice of classifying all of its Assistant Managers as "exempt" employees under the FLSA and California Labor Code and does *not* pay them overtime wages.

**ANSWER:** Defendants admit that, as an Assistant Manager, as Defendants understand that term, for Sears, Roebuck and Co. at its Bakersfield, California full-line store, Plaintiff was classified as an exempt employee and was compensated on a salary basis at the rate of $40,000 per year.  Defendants further admit that Sears, Roebuck and Co. classifies its Assistant Managers, as Defendants understand that term, as exempt from overtime under the FLSA and California law, and provides these employees with a salary intended to compensate them for all hours worked, and does not provide overtime compensation beyond the salary. Defendants further admit that Sears, Roebuck and Co.'s payroll system automatically logs a pre-set number of hours per pay period based on the particular days in that pay period for its exempt Assistant Managers, as Defendants understand that term, regardless of the number of hours worked in the pay period.  Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff sometimes worked more than 12 hours in a day.  Defendants deny the remaining allegations in paragraph 12 of the FAC

### Sears' Failure To Timely Pay All Wages Owed At Termination

13.     Sears maintains a policy and practice of not paying its Assistant Managers all the wages due and owing to them at termination. Aside from failing to pay the overtime wages owing to its Assistant Managers, Sears also does not properly pay its Assistant Managers employed in California for all accrued vacation time in violation of the California Labor Code.

**ANSWER:** Defendants deny the allegations in paragraph 13 of the FAC.

14.    Plaintiff resigned from employment with Sears on or about November 5, 2010, after working for Sears since February 2007. Her last day of employment was on or about November 9, 2010. Plaintiff was not provided a final pay check until November 30, 2010, and that paycheck did not include all wages due and owing to her.

**ANSWER:** Defendants admit that Plaintiff began working for Sears, Roebuck

and Co. in February 2007.  Defendants further admit that Plaintiff was issued checks on

November 30, 2010.  Defendants deny the remaining allegations in paragraph 14 of the FAC.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

15.    Plaintiff brings Count I (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated employees defined as:

> All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the United States within the last three years.

Plaintiffs consent to join this action is attached hereto as Exhibit A.

**ANSWER:**  Defendants admit that Plaintiff purports to bring this lawsuit as a

collective action as alleged.  Defendants deny the merits of Plaintiff's claims as related to

Plaintiff individually or on behalf of others and deny that Plaintiff's claims are appropriate for

collective action.  Defendants deny the remaining allegations of paragraph 15 of the FAC.

16.    Plaintiff, individually, and on behalf of other similarly situated employees defined above, seeks relief on a collective basis challenging Sears' policy and practice of misclassifying Sears Assistant Managers as exempt from the FLSA's overtime requirements, failing to accurately record all hours worked by Assistant Managers, and failing to properly pay Assistant Managers for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Sears, and potential opt-ins may be easily and quickly notified of the pendency of this action.

**ANSWER:**  Defendants admit that Plaintiff purports to bring this lawsuit as

alleged.  Defendants deny the merits of the claims against them as related to Plaintiff

individually or on behalf of others.  Defendants deny the remaining allegations of paragraph 16

of the FAC.

17.     Plaintiff brings Counts II-V of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and as the Class Representative for a class of the following persons:

> All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the State of California within the last four years.

The number and identity of other class members may be determined from the records of Sears, and potential class members may easily and quickly be notified of the pendency of this action.

**ANSWER:**  Defendants admit that Plaintiff purports to bring this lawsuit as a class action as alleged.  Defendants deny the merits of Plaintiff's claims as related to Plaintiff individually or on behalf of others and deny that Plaintiff's claims are appropriate to proceed as a class action.  Defendants admit that Sears, Roebuck and Co. possesses records from which one may identify employees who have held the position of Assistant Manager, as Defendants understand that term, at a Sears, Roebuck and Co. full-line retail store in the State of California in the past four years.  Defendants deny the remaining allegations of paragraph 17 of the FAC.

18.     Plaintiffs claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

**ANSWER:**  Defendants admits that Sears, Roebuck and Co. employs and has employed numerous Assistant Managers, as Defendants understand that term, within the time periods alleged in the FAC.  Defendants deny the remaining allegations in paragraph 18 of the FAC.

19.     Numerosity.  The class satisfies the numerosity standards because the class is believed to number in the hundreds of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

**ANSWER:**  Defendants admit that Sears, Roebuck and Co. has employed in excess of two hundred Assistant Managers, as Defendants understand that term, during the time periods alleged in the FAC.  Defendants deny the remaining allegations in paragraph 19.

20.     Existence of common questions.  There are numerous questions of fact and law common to the class arising from Sears's policies, procedures and actions. These include, without limitation, the following:

(i)      Whether Sears misclassified its Assistant Managers as exempt from the overtime requirements of the California Labor Code;

(ii)     Whether the kind of independent judgment and discretion, if any, afforded to Assistant Managers under Sears' policy and procedure is sufficient to meet the exemption tests under applicable law;

(iii)    Whether Assistant Managers perform work directly related to management policies or general business operations and/or whether Sears' policy and procedure generally reserves that function to other personnel;

(iv)     Whether Assistant Managers actually manage the stores and departments in which they work within the meaning of applicable law and/or whether Sears' policy and procedure generally assigns that function to other personnel;

(v)      Whether Sears policy and procedure affords Assistant Managers the authority to undertake on a regular basis the duties set forth in the managerial exemptions;

(vi)     Whether the job duties that fall within the Assistant Managers' job description fall on the exempt or non-exempt side of the ledger under applicable law;

(vii)    The corporate policies and practices of Sears with respect to staffing hourly employees and controlling labor costs, and the impact these policies and practices have on the job duties and responsibilities of Assistant Managers;

(viii)   Whether Sears failed to keep accurate time records of Assistant Managers;

(ix)     Whether Sears failed to pay proper overtime wages to Assistant Managers;

(x)      Whether Sears failed to provide accurate, itemized wage statements to Assistant Managers;

(xi)     Whether Sears failed to pay all compensation due and owing Assistant Managers at termination of employment; and

(xii)    Whether Sears's conduct was unfair or unlawful, in violation of the California's Unfair Competition Law.

**ANSWER:** Defendants deny the allegations in paragraph 20 of the FAC.

21.     Typicality.  Plaintiff's claims are typical of those of the class in that class members have been employed in the same Assistant Manager position as Plaintiff and were subject to the same unlawful practices as Plaintiff.

**ANSWER:**  Defendants deny the allegations in paragraph 21 of the FAC.

22.     Adequacy.  Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

**ANSWER:**  Defendants lack knowledge or information sufficient to form a belief

as to whether Plaintiff's counsel has extensive experience prosecuting complex wage and hour,

employment, and class action litigation.  Defendants deny the remaining allegations in paragraph

22 of the FAC.

23.     A class action is the appropriate method for the fair and efficient adjudication of this controversy because the questions of law and fact that are common to the class members, including those questions set forth above, predominate over any questions affecting only individual persons, and a class action is superior to other available methods to reach a fair and efficient adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**ANSWER:**  Defendants deny the allegations in paragraph 23 of the FAC.

24.     Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because Sears has acted or refused to act on grounds generally applicable to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

**ANSWER:**  Defendants deny the allegations in paragraph 24 of the FAC.

25.     Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Sears, and/or substantially impair or impede the ability of class members to protect their interests.

**ANSWER:**  Defendants deny the allegations in paragraph 25 of the FAC.

## COUNT I.
## Violation of the FLSA

**(Brought Against Sears by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

26.     Plaintiff reasserts and re-alleges the allegations set forth above.

**ANSWER:** Defendants reassert the denials and admissions set forth above.

27.     At all times material herein, Plaintiff, and similarly situated employees, have been entitled to the substantive rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

**ANSWER:** Defendants admit that Plaintiff and other Assistant Managers, as

Defendants understand that term, she seeks to represent are/were employees of Sears, Roebuck

and Co. as defined in the Fair Labor Standards Act. Defendants deny the remaining allegations in

paragraph 27 of the FAC.

28.     The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. Sears is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

**ANSWER:** Defendants admit that the FLSA regulates, among other things, the

payment of minimum wages and overtime pay by employers whose employees are engaged in

interstate commerce, or engaged in the production of goods for commerce, or employed in an

enterprise engaged in commerce or in the production of goods for commerce. Defendants admit

that Sears, Roebuck is subject to the overtime pay requirements of the FLSA for non-exempt

employees because it is an enterprise engaged in interstate commerce and some of its employees

are engaged in commerce.  Defendants deny the remaining allegations in paragraph 28 of the

FAC.

29.     Plaintiff and all similarly situated employees are victims of Sears' uniform and company-wide policies and practices that violate the FLSA. Sears violated the FLSA by, among other things, misclassifying its Assistant Managers as exempt from overtime and requiring them to work more than 40 hours per week without compensating them for overtime pay at one-and-one half times the employees' regular rates of pay. In the course of perpetrating these unlawful practices, Sears has also willfully failed to keep accurate records for all hours worked by its

employees. These policies and practices, in violation of the FLSA, have been applied to all Assistant Managers employed by Sears nationwide.

**ANSWER:**  Defendants deny the allegations in paragraph 29 of the FAC.

30.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and similarly situated Assistant Managers.

**ANSWER:**  Defendants admit that Section 13 of the FLSA, codified at 29 U.S.C.

§ 213, exempts certain categories of employees from the FLSA's overtime pay obligations.

Defendants deny the remaining allegations in paragraph 30 of the FAC.

31.     Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the past three-years, plus periods of equitable tolling, because Sears has acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

**ANSWER:**  Defendants deny the allegations in paragraph 31 of the FAC.

32.     Sears has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and, as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages recovered in this action. Alternatively, Plaintiff and all similarly situated employees are entitled to an award of pre- and post judgment interest at the applicable legal rates. As a result of aforesaid willful violations of the FLSA's provisions, compensation has been unlawfully withheld by Sears from Plaintiff and all similarly situated employees. Accordingly, Sears is liable pursuant to 29 U.S.C. § 216(b) for unpaid wages, together with an additional amount as liquidated damages, pre- and post judgment interest, reasonable attorneys' fees, and costs of this action.

**ANSWER:** Defendants deny the allegations in paragraph 32 of the FAC.

## COUNT II.
### Violation of the California Labor Code for Failure to Pay Overtime Wages

### (Brought Against Sears by Plaintiff Individually and on Behalf of All Others Similarly Situated)

33.     Plaintiff reasserts and re-alleges the allegations set forth above.

**ANSWER:**  Defendants reassert the denials and admissions set forth above.

34.     Throughout the liability period, the California Industrial Welfare Commission's ("IWC") Wage Order No. 7 (8 C.C.R. § 11070) and California Labor Code section 510 required the payment of overtime premium(s) for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek. This premium

increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

> **ANSWER:** Defendants admit that during the collective and class action time periods alleged by Plaintiff, California Industrial Welfare Commission's ("IWC") Wage Order No. 7 (8 C.C.R. § 11070) and California Labor Code section 510 required the payment of overtime premium(s) to non-exempt California employees for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek. Defendants further admit that this premium increases for non-exempt California employees to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.  Defendants deny the remaining allegations in paragraph 34 of the FAC.

35.     Plaintiff and the proposed Class members often worked more than 8 hours a day, and sometimes more than 12 hours a day, which is in excess of the maximum number of hours allowed by law without payment of the applicable overtime and double-time premiums.

> **ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff and Assistant Managers, as Defendants understand that term, "often" worked more than 8 hours a day, and sometimes work more than 12 hours in a day.  Defendants deny the remaining allegations in paragraph 35 of the FAC.

36.     Sears failed to pay Plaintiff and the proposed Class members the overtime and double-time premiums required by California law when they worked more than 8 hours and 12 hours in a day, respectively.

> **ANSWER:** Defendants deny the allegations in paragraph 36 of the FAC.

37.     Sears's failure to pay the correct amount of overtime and double-time violates IWC Wage Order No. 7 (8 C.C.R. § 11070) and California Labor Code §§ 510 and 1198.

> **ANSWER:** Defendants deny the allegations in paragraph 37 of the FAC.

38.     Because Sears failed to pay overtime and double-time as required by law, Plaintiff and the proposed Class Members are entitled under California Labor Code § 1194 to recover the unpaid wages, interest thereon, reasonable attorneys' fees, and costs of suit.

> **ANSWER:** Defendants deny the allegations in paragraph 38 of the FAC.

**COUNT III.**
**Violation of the California Labor Code for Failure to Pay**
**All Compensation Due and Owing at Termination**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

39.     Plaintiff reasserts and re-alleges the allegations set forth above.

**ANSWER:**  Defendants reassert the denials and admissions set forth above.

40.     California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

**ANSWER:**  Defendants admit the allegations in paragraph 40 of the FAC.

41.     California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

**ANSWER:**  Defendants admit the allegations in paragraph 41 of the FAC.

42.     California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

**ANSWER:**  Defendants admit that California Labor Code § 203 provides that, if an employer willfully fails to pay, in accordance with sections 201 and 202 (among others), wages of an employee who quits, the wages of the employee shall continue for a period of up to thirty days.  Defendants deny the remaining allegations in paragraph 42 of the FAC.

43.     Sears has willfully failed to pay all compensation and wages due and owing to Plaintiff and similarly situated employees who were terminated or left their employment with Sears, including their unpaid overtime wages and accrued vacation time. As a result, Sears is liable to Plaintiff and the proposed Class members for unpaid wages and waiting time penalties in an amount to be determined at trial. Plaintiff and the proposed Class members are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 1194 and other applicable law.

**ANSWER:**  Defendants deny the allegations in paragraph 43 of the FAC.

**COUNT IV.**
**Violation of the California Labor Code for Failure to Provide**
**Itemized Wage Statements.**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

44.    Plaintiff reasserts and re-alleges the allegations set forth above.

**ANSWER:**  Defendants reassert the denials and admissions set forth above.

45.    Sears has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and the proposed Class members in accordance with California Labor Code § 226(a) and IWC Wage Order 2001-7 (8 Cal. Code Regs. § 11070). The wage statements Sears provides their employees, including Plaintiff and proposed Class members, do not accurately reflect the actual hours worked and wages earned.

**ANSWER:**  Defendants admit that, consistent with California law, the wage statements of Sears, Roebuck and Co.'s California Assistant Managers, as Defendants understand that term, do not identify the total hours worked. Defendants deny the remaining allegations in paragraph 45 of the FAC.

46.    Sears' failure to provide timely, accurate, itemized wage statements to Plaintiff and the proposed Class members in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional. Accordingly, Sears is liable for damages and penalties under California Labor Code § 226(e).

**ANSWER:**  Defendants deny the allegations in paragraph 46 of the FAC.

**COUNT V.**
**Violation of the California Business and Professions Code § 17200, et seq.**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

47.    Plaintiff reasserts and re-alleges the allegations set forth above.

**ANSWER:** Defendants reassert the denials and admissions set forth above.

48.    Sears' actions, including but not limited to the misclassification of Assistant Managers, the failure to maintain accurate employee time records, the failure to provide correct itemized wage statements, the failure to pay overtime and double-time compensation, and the failure to provide all compensation due and owing at the time of termination constitute unlawful business practices in violation of the California Labor Code §§ 201, 202, 510, and 1174, and applicable regulations. Sears actions are also unfair business practices in violation of California Business and Professions Code §§ 17200, et seq.

**ANSWER:**  Defendants deny the allegations in paragraph 48 of the FAC.

49.     Upon information and belief, Sears continues its unlawful and unfair conduct as previously described. As a result of said conduct, Sears has unlawfully and unfairly obtained monies due to Plaintiff and the proposed Class members and is unfairly competing in the marketplace.

ANSWER:  Defendants deny the allegations in paragraph 49 of the FAC.

50.     Plaintiff and the proposed Class members are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by Sears, for a period of four years predating the filing of this Complaint.

ANSWER:  Defendants deny the allegations in paragraph 50 of the FAC.

51.     As a direct and proximate result of Sears' conduct, Plaintiff and the proposed Class members are entitled to a preliminary and permanent injunction enjoining Sears from continuing the unlawful and unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203, including restitution.

ANSWER:  Defendants deny the allegations in paragraph 51 of the FAC.

52.     Plaintiff and the proposed Class members are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Sears to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

ANSWER:  Defendants deny the allegations in paragraph 52 of the FAC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of a proposed class of all others similarly situated, pray for relief as follows:

1.     An order certifying that Count I of this action may be maintained as a collective action and directing notice of the pendency and the ability to opt-in be send to potential plaintiffs;

2.     An order certifying that Counts II-V of this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

3.     Compensatory and statutory damages, liquidated damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Sears;

4.     An order enjoining Sears from pursuing the unlawful policies, acts and practices complained of herein;

5.     Attorneys' fees pursuant to, among other things, 29 U.S.C. § 216(b) and California Labor Code § 1194(a);

6.      Costs of this suit;

7.      Pre- and post judgment interest; and

8.      Such other and further relief as the Court deems just and proper.

**ANSWER:**  Defendants admit that Plaintiff seeks the relief alleged.  Defendants, however, deny Plaintiff's entitlement to the relief alleged.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

1.      As a First Defense to the FAC, Defendants allege that the FAC fails to state facts upon which relief may be granted.  Specifically, Plaintiff is a former employee and lacks standing to seek the prospective injunctive relief requested in her Prayer for Relief.  Plaintiff also fails to plead that she was harmed by allegedly missing or inaccurate wage statement information, a required element of the claim set forth in Count IV.

SECOND DEFENSE

2.      As a Second Defense to the FAC, Plaintiff's claims and/or those of the collective group and class she seeks to represent are barred because at all times mentioned in the FAC, Plaintiff and the proposed collective group and class were exempt from the requirements of the Fair Labor Standards Act and California law, including, but not limited to, the executive and administrative exemptions.  Plaintiff and the proposed collective group and class consist of persons who held (or currently hold) various Assistant Manager positions (as Defendants understand that term) at Sears full-line stores.  These positions are responsible for managing other employees, managing the overall business enterprise of Defendants' stores, and have as their primary duty the performance of tasks that meet the requirements for exempt status under California law and the FLSA.

THIRD DEFENSE

3.      As a Third Defense to the FAC and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported collective group and class released, relinquished and waived any right to claims upon which Plaintiffs now seek relief, including releases obtained

through prior settlements of wage-and-hour claims, including, but not limited to releases obtained in the following actions:

- *Moldowan v. Sears, Roebuck and Co.,* Superior Court of California, Sonoma County, Case No. SCV-235320 (releases covering California employees employed from August 12, 2000 through March 13, 2009);

- Individual settlements releasing claims asserted in the FAC have been reached with additional putative class members.  Defendants' investigation is continuing.

<u>FOURTH DEFENSE</u>

4.       As a Fourth Defense to the FAC and to Counts II through V therein, Defendants allege that the Plaintiff and/or the purported class have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that they failed to use ordinary care and diligence in the performance of the their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties. Specifically, the written job descriptions for Assistant Manager positions (as Defendants understand that term), along with instructions provided by Sears, Roebuck and Co., provide that Assistant Managers are to perform primarily exempt duties.  Should it be found that Plaintiff or any putative class or collective group member was not performing primarily exempt duties, the employee failed to exercise reasonable care and misperformed the duties of the position.

<u>FIFTH DEFENSE</u>

5.       As a Fifth Defense to the FAC and each cause of action therein, Defendants allege that Plaintiff and/or the purported collective group and class are not entitled to equitable relief because they have failed to avail themselves of or exhaust plain, adequate, or complete remedies at law available to them under California and federal law.

<u>SIXTH DEFENSE</u>

6.       As a Sixth Defense to the FAC and to Counts III and IV therein, Defendants allege that the claims of Plaintiff and/or the purported California class are barred in whole or in

part by the applicable statutes of limitation, including, but not limited to California Civil Code section 340(a) and California Labor Code Section 203.  Plaintiff's FAC does not limit the class period for recovery of late-payment penalties under California Labor Code Section 203 to the applicable 3-year statutory period, instead defining a single, four-year class period for all of the California claims asserted in Counts II through V.  The FAC similarly fails to limit the class period for recovery of the wage statement penalties sought in Count IV to the one year period prescribed by California Civil Code Section 340(a).

SEVENTH DEFENSE

7.    As a Seventh Defense to the FAC and to Count I therein, pursuant to 29 U.S.C. § 259, any act(s) and/or omission(s) by Defendants which may be found to be in violation of the rights afforded by the FLSA occurred in good faith in conformity with and in reliance upon a written administrative regulation, order, ruling, approval and/or interpretation of the Administrator of Wage and Hour Division of the Department of Labor, and/or administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor with respect to the class of employers to which Defendant Sears, Roebuck and Co. belongs.

EIGHTH DEFENSE

8.    As an Eighth Defense to the FAC and to Count I therein, Defendants acted in good faith and with reasonable grounds to believe that its actions, as alleged, did not violate legal requirements, negating any finding of willfulness required for an award of liquidated damages under the FLSA.

NINTH DEFENSE

9.    As a Ninth Defense to the FAC and to Counts III and IV therein, Defendants allege that class treatment of Plaintiff's California claim for non-payment of vacation wages is barred by the doctrine of *res judicata* and collateral estoppel, as result of the Court's denial of class certification in *Coughlin v. Sears Holdings Corp.*, Central District of California Case No. SACV 08-00015 CJC (RNBx).

TENTH DEFENSE

10.     As a Tenth Defense to the FAC and all claims asserted therein, Defendants allege that each purported claim for relief is barred, in whole or in part, by payment, setoff and/or accord and satisfaction.  Plaintiff alleges that her last day of work was on or about November 9, 2010.  Defendants paid Plaintiff through November 20, 2010, and Plaintiff was thus overpaid. Defendants' investigation is continuing as to whether additional putative class members were similarly overpaid during their employment or upon termination.  Overpayments to Plaintiff and/or putative class members must be setoff against any potential damages or penalties sought in the FAC.

ELEVENTH DEFENSE

11.     As an Eleventh Defense to the FAC and Count III therein, Defendants did not willfully fail to pay any wages, and the claims at issue are subject to good faith disputes over wages, negating any finding of willfulness required for an award of late-payment penalties under California Labor Code Section 203.

RIGHT TO ASSERT ADDITIONAL DEFENSES AS DISCOVERED

12.     Defendants reserve the right to assert additional defenses in the event that supporting facts are discovered during the course of litigation.  Discovery has not yet commenced and Defendants' investigation is continuing.  Defendants will seek leave to assert additional defenses should supporting facts be discovered.

/ / /

/ / /

/ / /

## DEFENDANTS' PRAYER FOR RELIEF

Defendants pray that the Court grant the following relief:

1.      That the FAC be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      That judgment be entered in favor of Defendants on all claims for relief;

3.      That Defendants be awarded attorneys' fees and costs of suit; and

4.      For such other and further relief as this Court may deem proper.

_____

Dated: June 10, 2011                            Respectfully submitted,

                                                By:   /s/Lynne C. Hermle
                                                   _____

Paul R. Garry                                      Lynne C. Hermle
Erika Dillon                                       Joseph C. Liburt
Jason E. Barsanti                                  ORRICK, HERRINGTON & SUTCLIFFE LLP
MECKLER BULGER TILSON                              1000 Marsh Road
MARICK & PEARSON LLP                               Menlo Park, CA  94025
123 North Wacker Drive, Suite 1800                 Telephone: (650) 614-7400
Chicago, Illinois  60606                           Facsimile:  (650) 614-7401
Telephone:   (312) 474-7900                        lchermle@orrick.com
Facsimile:   (312) 474-7898                        jliburt@orrick.com
paul.garry@mbtlaw.com
erika.dillon@mbtlaw.com
jason.barsanti@mbtlaw.com                          Attorneys for Defendants
                                                   SEARS HOLDINGS CORPORATION and
                                                   SEARS, ROEBUCK & CO.

**CERTIFICATE OF SERVICE**

I, Lynne C. Hermle hereby certify that on June 10, 2011, I electronically filed the

foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Elizabeth A. Fegan, Esq.
Daniel J. Kurowski, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake St., #400
Oak Park, IL 60301-1043
beth@hbsslaw.com
dank@hbsslaw.com

Joshua G. Konecky, Esq.
Lisa M. Bowman, Esq.
Todd M. Schneider, Esq.
SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
jkonecky@schneiderwallace.com
lbowman@schneiderwallace.com
tschneider@schneiderwallace.com

Matthew B. George, Esq.
Eric H Gibbs, Esq.
Philip B Obbard, Esq.
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
mbg@girardgibbs.com
ehg@girardgibbs.com
pbo@girardgibbs.com

_/s/ Lynne C. Hermle_
Name of Attorney