1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10

11 CANDACE CASIDA, individually and on
behalf of all others similarly situated

12

13               Plaintiff,

14        v.

15

16 SEARS HOLDING CORPORATION and
SEARS, ROEBUCK & CO.

17

18               Defendants.

19

20
21
22
23
24
25
26
27
28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1: 11 CV 01052 AWI  JLT

SCHEDULING ORDER (Fed. R. Civ. P. 16)

Pleading Amendments: 11/21/11
Discovery Deadlines:
        Class-related discovery: 4/6/11
        Non Expert merits-related discovery:
        11/16/12
        Expert merits-related discovery:
        3/1/13
        Mid-Discovery Status Conference:
        1/26/12, 9 a.m. (telephonic)
Motion for Class Certification:
        Filing: 5/11/2012
                Opposition: 6/22/12
                Reply: 7/13/12
        Hearing: 8/3/12

Non-Dispositive Motion Deadlines:
        Filing: 3/15/13
        Hearing: 4/19/13

Dispositive Motion Deadlines:
        Filing: 5/17/13
        Hearing: 7/1/13

Pre-Trial Conference:
        8/22/13 at 8:30 a.m.
        Courtroom 2

Trial:  10/22/13 at 8:30 a.m. Courtroom 2,
        21-28 Trial days
        Jury Trial

1

1   **I.      Date of Scheduling Conference**

2          October 12, 2011.

3   **II.     Appearances of Counsel**

4          Joshua Konecky and Matthew George appeared on behalf of Plaintiff.

5          Lynne Hermle and Joe LiBurt appeared on behalf of Defendants.

6   **III.    Discovery Plan and Cut-Off Date**

7          The parties have exchanged the initial disclosures required by Fed .R. Civ. P.

8   26(a)(1).

9          The parties agree that each side may take 20 depositions.  Defendant anticipates

10  that it may need more than 7 hours to complete the named Plaintiff's deposition.  Counsel

11  SHALL meet and confer in an attempt to resolve this potential dispute.

12         Any requested pleading amendments are ordered to be filed, either through a

13  stipulation or motion to amend, no later than **November 21, 2011.**

14         Counsel SHALL finalize their meet and confer process related to the search

15  protocol for electronically stored e-mail communications no later than **November 11, 2011.**  In

16  the event that counsel cannot agree upon the search protocol, no later than **November 18, 2011**

17  the parties SHALL jointly request a telephonic conference with Magistrate Judge Thurston to

18  resolve the dispute.

19         The parties are ordered to complete all discovery related to the motion for class

20  certification on or before **April 6, 2011**.

21         The parties are ordered to complete all merits-related discovery of all non-experts

22  on or before **November 16, 2012**  and all merits-related discovery pertaining to experts on or

23  before **March 1, 2013**.

24         The parties are directed to disclose all merits-related expert witnesses, in writing,

25  on or before **January 11, 2013**, and to disclose all rebuttal experts on or before **February 8,**

26  **2013**. The written designation of retained and non-retained experts shall **be made pursuant to**

27  **Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required**

28  **thereunder.**  Failure to designate experts in compliance with this order may result in the Court

1  excluding the testimony or other evidence offered through such experts that are not disclosed

2  pursuant to this order.

3          The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery

4  relating to experts and their opinions.  Experts must be fully prepared to be examined on all

5  subjects and opinions included in the designation.  Failure to comply will result in the imposition

6  of sanctions, which may include striking the expert designation and preclusion of expert

7  testimony.

8          The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely

9  supplement disclosures and responses to discovery requests will be strictly enforced.

10          A telephonic, mid-discovery status conference is scheduled for **January 26, 2012**

11  at 9:00 a.m., before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge.  A Joint Mid-

12  Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be

13  electronically filed in CM/ECF, one (1) full week prior to the Conference, and shall be e-mailed,

14  in WordPerfect or Word format, to jltorders@caed.uscourts.gov.  Counsel SHALL appear by

15  telephone.  In the event that more than one attorney requests to appear by telephone then it shall

16  be the obligation of the requesting part(ies) to arrange and originate a conference call to the court.

17      **IV.    Pre-Trial Motion Schedule**

18          Any motion for class certification shall be filed no later than **May 11, 2012** and

19  heard on or before **August 3, 2012.**   The parties stipulate that a certain number of depositions

20  may be taken of those offering declarations in support of or in opposition to the motion for class

21  certification.  Counsel SHALL meet and confer related to the number of deposition that will be

22  taken and the time limits for these depositions.  In no event shall these declarant-depositions

23  cause either party to exceed the 20 deposition per side maximum set forth in this order.

24          All other non-dispositive pre-trial motions, including any discovery motions, shall

25  be filed no later than **March 15, 2013** and heard on or before **April 19, 2013.** Non-dispositive

26  motions are heard at 9:00 a.m., before the Honorable Jennifer L. Thurston, United States

27  Magistrate Judge at the United States Bankruptcy Courtroom at 1300 18th Street, Bakersfield,

28  California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Alan Leon-Guerrero at (661) 326-6624 or via email at ALeonGuerrero@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(3).  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All dispositive pre-trial motions shall be filed no later than **May 17, 2013** and heard no later than **July 1, 2013** at 1:30 p.m., in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.  In scheduling such motions, counsel shall comply with **Fed.R.Civ.P 56 and Local Rules 230 and 260**.

### V.    Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary

judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6)  to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260 the moving party shall file a <u>joint statement</u> of undisputed facts**.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

## VI.    <u>Pre-Trial Conference Date</u>

**August 22, 2013** at 8:30 a.m. in Courtroom 2 before Judge Ishii.

The parties are ordered to file a <u>**Joint Pretrial Statement pursuant to Local Rule 281(a)(2).**</u> The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X4[1] format, directly to Judge Ishii's chambers by email at AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to <u>**Rules 281 and 282 of the Local Rules**</u> of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## VII.    <u>Trial Date</u>

**October 22, 2013** at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W.

---

[1] If WordPerfect X4 is not available to the parties then the latest version of WordPerfect available to the parties or any other word processing program in general use for IBM compatible personal computers is acceptable.

1    Ishii, United States District Court Judge.

2              A.    This is a Jury or Trial.

3              B.    Counsels' Estimate of Trial Time: 21-28 days.

4              C.    Counsel's attention is directed to Local Rules of Practice for the Eastern

5                    District of California, Rule 285.

6    **VIII.   Settlement Conference**

7              No settlement conference is set at this time as the defendant does not believe, at

8    this time, that settlement is likely.  The parties may jointly request a settlement conference or

9    referral to the VDRP, should they decide in the future that the case is in a settlement posture.

10   **IX.    Request for Bifurcation, Appointment of Special Master, or other**

11           **Techniques to Shorten Trial**

12           Not applicable at this time.

13   **X.     Related Matters Pending**

14           There are no pending related matters.

15   **XI.    Compliance with Federal Procedure**

16           All counsel are expected to familiarize themselves with the Federal Rules of Civil

17   Procedure and the Local Rules of Practice of the Eastern District of California, and to keep

18   abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it

19   is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

20   the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of

21   Practice for the Eastern District of California.

22   **XII.   Effect of this Order**

23           The foregoing order represents the best estimate of the court and counsel as to the

24   agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for

25   this case.  If the parties determine at any time that the schedule outlined in this order cannot be

26   met, counsel are ordered to notify the court immediately of that fact so that adjustments may be

27   made, either by stipulation or by subsequent status conference.

28

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 12, 2011**                                          _____
                                                                                   **/s/ Jennifer L. Thurston**
                                                                                   UNITED STATES MAGISTRATE JUDGE