Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
E-mail: ehg@girardgibbs.com

Joshua G. Konecky
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Elizabeth A. Fegan (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, Illinois 60301
Telephone:  (708) 628-4949
Facsimile:  (708) 628-4950
E-mail: beth@hbsslaw.com

*Attorneys for Individual and Representative*
*Plaintiff Candace Casida*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| CANDACE CASIDA, individually, and on behalf of all others similarly situated, | Case No. 1:11-cv-01052-AWI-JLT |
| Plaintiff, | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO., | |
| Defendants. | JURY TRIAL DEMANDED |

## INTRODUCTION

1.      Plaintiff Candace Casida, on behalf of herself and a class of all others similarly situated, brings this class action against Defendants Sears Holdings Corporation and Sears, Roebuck & Co. (collectively, "Sears" or "Defendants"), alleging that Defendant misclassified its Assistant Managers as exempt from the overtime requirements of California labor laws.  The Assistant Managers at Sears' retail stores lack the kind of independent judgment and discretion that is needed to qualify for the managerial exemptions to overtime and other wage protections under California law.  In addition, Assistant Managers do not perform non-manual labor that is directly related to the management policies or general business operations of Sears as required by the administrative exemption, do not manage the stores and departments in which they work in the manner contemplated by the executive exemption, and do not meet the other prongs of either the administrative or executive exemption tests.  Moreover, the job of the Assistant Manager uniformly revolves around non-exempt work activities, such as merchandising, working the cash register, assisting customers, cleaning fixtures, stocking shelves, and accepting deliveries of incoming product.  Plaintiff seeks relief from this Court in the form of unpaid wages, as well as additional damages and equitable relief described herein.[1]

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and the Defendants, on the other, are citizens of different states.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Sears conducts substantial business in this District sufficient to avail itself of personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in

---

[1] Plaintiff originally filed this action in the District Court for the Northern District of Illinois alleging violations of the Fair Labor Standards Act and California state laws.  *See* Docket No. 1.  Plaintiff's California state law claims were severed from the FLSA claim and transferred to this Court on June 27, 2011.  *See* Docket No. 58.  Plaintiff has revised her complaint in this Court to plead only the transferred state law claims.  Her FLSA claim remains pending in the Northern District of Illinois, Case No. 1:11-cv-02110-MIS-NRN.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

this District.   Venue is appropriate in the Fresno division because Plaintiff lived and was employed by Sears in Kern County.

## PARTIES

4.     Plaintiff Candace Casida is a California citizen residing in Palm Desert, California.  From February 2007 until November 2010, Plaintiff was employed by Sears as an Assistant Manager in the Bakersfield, California Sears full-line retail store.

5.     Defendant Sears Holdings Corporation ("Sears Holdings") is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.  Sears Holdings Corporation does extensive business nationwide.

6.     Defendant Sears, Roebuck and Co. is a New York Corporation and is a wholly owned subsidiary of Sears Holding Corporation.  Its principal place of business is also in Hoffman Estates, Illinois and it does extensive business nationwide.  Defendants are collectively referred to herein as "Sears."

7.     Defendants are or were the joint employers of Plaintiff and the employees she seeks to represent.  Plaintiff is informed and believes that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## GENERAL ALLEGATIONS

8.     Sears owns and operates approximately 900 "full-line" Sears-branded retail stores throughout the United States that sell apparel, home furnishings, hardware, and electronics.

### Sears' Misclassification of Its "Assistant Managers"

9.     Sears employs multiple Assistant Managers in each of its full-line retail stores, and there is almost always more than one Assistant Manager on duty during business hours.  At each store, Sears also employs retail associates who are compensated on an hourly basis and are eligible to earn overtime.  Assistant Managers, while given some limited responsibilities in addition to those held by non-exempt associates, do not exercise independent judgment and

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

1    discretion on matters of significance, do not perform work directly related to management

2    policies or general business operations of Sears, do not manage the stores and departments in

3    which they work, and do not have the authority to conduct management duties on a regular basis.

4    Instead, Assistant Managers at Sears are primarily engaged in non-exempt work on a day-to-day

5    basis.   Such non-exempt work activities include merchandising, working the cash register,

6    assisting customers with routine inquiries, stocking shelves, cleaning fixtures, and receiving

7    product shipments.  Assistant Managers are required to perform these tasks day-in and day-out

8    and spend the majority of their working hours engaged in these non-exempt tasks.

9            10.      In order to ensure their assigned departments meet Sears corporate standards and

10   are up to date with current products and promotions, Assistant Managers, who are not eligible for

11   overtime pay, work long hours before the stores open and after the stores close performing non-

12   exempt work such as setting up sales racks and appropriate signage for displays.  Much of this

13   non-exempt work is required to be performed by Assistant Managers because Sears maintains a

14   company-wide policy and practice of strictly controlling labor costs, and in particular, the hours

15   of work of retail associates in accordance with sales expectations.

16           11.      The limited job responsibilities Assistant Managers are given in addition to those

17   held by other non-exempt store employees, such as scheduling associates and interviewing

18   prospective employees, are strictly prescribed by company policies and procedures.

19   Nonetheless, these activities do not comprise the majority of Assistant Managers working hours,

20   are not their primary duties, and do not make the job properly classified as exempt.

21                          **Sears' Failure To Pay Assistant Managers Overtime Wages**

22           12.      Sears prohibits its Assistant Managers from recording the time they spend

23   working.  Instead, regardless of the number of hours worked in a given week, Sears' payroll

24   system automatically logs a pre-set number of hours per pay period.  As an Assistant Manager at

25   Sears' Bakersfield, California retail store, Plaintiff regularly worked more than 60 hours a week

26   and sometimes more than 12 hours in a day.  Plaintiff was classified as an "exempt" employee by

27   Sears and was compensated on a salary basis at the rate of $40,000 per year.   Plaintiff is

28   informed and believes that Sears maintains a policy and practice of classifying all of its Assistant

---

3

**SECOND AMENDED CLASS ACTION COMPLAINT**
**CASE NO. 1:11-CV-01052-AWI-JLT**

1    Managers as "exempt" employees under the California Labor Code and does not pay them
2    overtime wages.

3                  **Sears' Failure To Timely Pay All Wages Owed At Termination**

4            13.    Sears maintains a policy and practice of not paying its Assistant Managers all the
5    wages due and owing to them at termination.  Aside from failing to pay the overtime wages
6    owing to its Assistant Managers, Sears also does not properly pay its Assistant Managers
7    employed in California for all accrued vacation time in violation of the California Labor Code.

8            14.    Plaintiff resigned from employment with Sears on or about November 5, 2010,
9    after working for Sears since February 2007.  Her last day of employment was on or about
10   November 9, 2010.  Plaintiff was not provided a final pay check until November 30, 2010, and
11   that paycheck did not include all wages due and owing to her.

12                              **<u>CLASS ACTION ALLEGATIONS</u>**

13           15.    Plaintiff brings Counts I-IV of this lawsuit as a class action pursuant to Federal
14   Rule of Civil Procedure 23, on behalf of herself and as the Class Representative for a class of the
15   following persons:

16               All current and former Assistant Managers employed by Sears in Sears' full-line
17               retail stores in the State of California since March 28, 2007.

18

19   The number and identity of other class members may be determined from the records of Sears,
20   and potential class members may easily and quickly be notified of the pendency of this action.

21           16.    Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and
22   superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

23           17.    <u>Numerosity</u>.  The class satisfies the numerosity standards because the class is
24   believed to number in the hundreds of persons.  As a result, joinder of all class members in a
25   single action is impracticable.  Class members may be informed of the pendency of this class
26   action through direct mail.

27           18.    <u>Existence of common questions</u>.  There are numerous questions of fact and law
28   common to the class arising from Sears' policies, procedures and actions.  These include,

4

without limitation, the following:

(i)     Whether Sears misclassified its Assistant Managers as exempt from the overtime requirements of the California Labor Code;

(ii)    Whether the kind of independent judgment and discretion, if any, afforded to Assistant Managers under Sears' policy and procedure is sufficient to meet the exemption tests under applicable law;

(iii)   Whether Assistant Managers perform work directly related to management policies or general business operations and/or whether Sears' policy and procedure generally reserves that function to other personnel;

(iv)   Whether Assistant Managers actually manage the stores and departments in which they work within the meaning of applicable law and/or whether Sears' policy and procedure generally assigns that function to other personnel;

(v)    Whether Sears policy and procedure affords Assistant Managers the authority to undertake on a regular basis the duties set forth in the managerial exemptions;

(vi)   Whether the job duties that fall within the Assistant Managers' job description fall on the exempt or non-exempt side of the ledger under applicable law;

(vii)   The corporate policies and practices of Sears with respect to staffing hourly employees and controlling labor costs, and the impact these policies and practices have on the job duties and responsibilities of Assistant Managers;

(viii)  Whether Sears failed to keep accurate time records of Assistant Managers;

(ix)   Whether Sears failed to pay proper overtime wages to Assistant Managers;

(x)    Whether Sears failed to provide accurate, itemized wage statements to Assistant Managers;

(xi)   Whether Sears failed to pay all compensation due and owing Assistant Managers at termination of employment; and

5

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

(xii)   Whether Sears' conduct was unfair or unlawful, in violation of California's Unfair Competition Law.

19.   Typicality.  Plaintiff's claims are typical of those of the class in that class members have been employed in the same Assistant Manager position as Plaintiff and were subject to the same unlawful practices as Plaintiff.

20.   Adequacy.  Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent.  The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

21.   A class action is the appropriate method for the fair and efficient adjudication of this controversy because the questions of law and fact that are common to the class members, including those questions set forth above, predominate over any questions affecting only individual persons, and a class action is superior to other available methods to reach a fair and efficient adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

22.   Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because Sears has acted or refused to act on grounds generally applicable to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.

23.   Alternatively, a class action is the appropriate method for the fair and efficient adjudication of this controversy because the presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Sears, and/or substantially impair or impede the ability of class members to protect their interests.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

**California's Private Attorney General's Act**

24.     On October 10, 2011, Plaintiff provided notice to the California Labor and Workforce Development Agency and Sears pursuant to the California Labor Code's Private Attorney General Act, §§ 2698, et seq. ("PAGA") regarding her complaints that Sears misclassified her and other Sears' Assistant Managers in California as exempt from overtime.  A copy of Plaintiff's PAGA notice is attached as Exhibit 1.  The statutory waiting period for the California Labor and Workforce Development Agency to respond to Plaintiff's PAGA notice expired and no party has received any response or other notification from the California Labor and Workforce Development Agency.  Plaintiff has complied with the notice requirements of Labor Code Section 2699.3(a)(1), and seeks PAGA penalties on behalf of herself and on a representative basis for other current and former Sears' Assistant Managers in California.

**COUNT I**
**Violation of the California Labor Code for Failure to Pay Overtime Wages**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

25.     Plaintiff reasserts and re-alleges the allegations set forth above.

26.     Throughout the liability period, the California Industrial Welfare Commission's ("IWC") Wage Order No. 7 (Cal. Code Regs. tit. 8, § 11070) and California Labor Code section 510 required the payment of overtime premium(s) for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek.  This premium increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

27.     Plaintiff and the proposed Class members often worked more than 8 hours a day, and sometimes more than 12 hours a day, which is in excess of the maximum number of hours allowed by law without payment of the applicable overtime and double-time premiums.

28.     Sears failed to pay Plaintiff and the proposed Class members the overtime and double-time premiums required by California law when they worked more than 8 hours and 12 hours in a day, respectively.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

29.     Sears' failure to pay the correct amount of overtime and double-time violates IWC Wage Order No. 7 (8 C.C.R. § 11070) and California Labor Code §§ 510 and 1198.

30.     Because Sears failed to pay overtime and double-time as required by law, Plaintiff and the proposed Class Members are entitled under California Labor Code § 1194 to recover the unpaid wages, interest thereon, reasonable attorneys' fees, and costs of suit.

**COUNT II**
**Violation of the California Labor Code for Failure to Pay**
**All Compensation Due and Owing at Termination**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

31.     Plaintiff reasserts and re-alleges the allegations set forth above.

32.     California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

33.     California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee quitting.

34.     California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

35.     Sears has willfully failed to pay all compensation and wages due and owing to Plaintiff and similarly situated employees who were terminated or left their employment with Sears, including their unpaid overtime wages and accrued vacation time.  As a result, Sears is liable to Plaintiff and the proposed Class members for unpaid wages and waiting time penalties in an amount to be determined at trial.  Plaintiff and the proposed Class members are also entitled to payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 1194 and other applicable law.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

**COUNT III**
**Violation of the California Labor Code for Failure to Provide**
**Itemized Wage Statements.**

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

36.     Plaintiff reasserts and re-alleges the allegations set forth above.

37.     Sears has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and the proposed Class members in accordance with California Labor Code § 226(a) and IWC Wage Order 2001-7 (Cal. Code Regs. tit. 8, § 11070).  The wage statements Sears provides their employees, including Plaintiff and proposed Class members, do not accurately reflect the actual hours worked and wages earned.

38.     Sears' failure to provide timely, accurate, itemized wage statements to Plaintiff and the proposed Class members in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional.  Accordingly, Sears is liable for damages and penalties under California Labor Code § 226(e).

**COUNT IV**
**Violation of the California Business and Professions Code §§ 17200, *et seq.***

**(Brought Against Sears by Plaintiff Individually and**
**on Behalf of All Others Similarly Situated)**

39.     Plaintiff reasserts and re-alleges the allegations set forth above.

40.     Sears' actions, including but not limited to the misclassification of Assistant Managers, the failure to maintain accurate employee time records, the failure to provide correct itemized wage statements, the failure to pay overtime and double-time compensation, and the failure to provide all compensation due and owing at the time of termination constitute unlawful business practices in violation of the California Labor Code  §§ 201, 202, 510, and 1174,  and applicable regulations.  Sears actions are also unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

41.     Upon information and belief, Sears continues its unlawful and unfair conduct as previously described.  As a result of said conduct, Sears has unlawfully and unfairly obtained monies due to Plaintiff and the proposed Class members and is unfairly competing in the marketplace.

42.     Plaintiff and the proposed Class members are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by Sears, for a period of four years predating the filing of this Complaint.

43.     As a direct and proximate result of Sears' conduct, Plaintiff and the proposed Class members are entitled to a preliminary and permanent injunction enjoining Sears from continuing the unlawful and unfair practices described above, and to such other equitable relief as is appropriate under California Business and Professions Code § 17203, including restitution.

44.     Plaintiff and the proposed Class members are entitled to attorneys' fees and costs for promoting the interests of the general public in causing Sears to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

## COUNT V
## Private Attorney Geneal Act of 2004, California Labor Code § 2698 *et seq.*

### (Brought Against Sears by Plaintiff Individually and
### on a Representative Basis)

45.     Plaintiff reasserts and re-alleges the allegations set forth above.

46.     Pursuant to the Private Attorney General Act of 2004 ("PAGA"), California Labor Code § 2698, et seq., Plaintiff gave notice to the California Labor and Workforce Development Agency of the Sears violations of the California Labor Code alleged herein on October 10. 2011.  The statutory waiting period for the State of California has passed and there has been no response to Plaintiff's PAGA notice.   Plaintiff has complied PAGA's notice requirements.

47.     Pursuant to California Labor Code § 2699, Plaintiff, on behalf of herself and on a representative basis for other Assistant Managers currently and formerly employed at Sears' full-

10

line retail stores in California are entitled to civil penalties provided by California law for the violations of the California Labor Code alleged herein, including sections 201, 202, 203, 226 510 and California Industrial Welfare Commission Wage Order No. 7 (Cal. Code Regs. tit. § 11070).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf and on behalf of a proposed class of all others similarly situated, prays for relief as follows:

1.      An order certifying that Counts I-IV of this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

2.      Compensatory and statutory damages, liquidated damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Sears;

3.      PAGA penalties, on behalf of Plaintiff and on a representative basis for other Assistant Managers currently and formerly employed at Sears' full-line retail stores in California, as well as attorneys' fees and costs of suit pursuant to § 2699;

4.      An order enjoining Sears from pursuing the unlawful policies, acts and practices complained of herein;

5.      Attorneys' fees pursuant to, among other things, California Labor Code § 1194(a);

6.      Costs of this suit;

7.      Pre- and post-judgment interest; and

8.      Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

DATED:  December 5, 2011                    Respectfully submitted,


                                            By: ___/s/ Eric H. Gibbs_____

                                            Eric H. Gibbs
                                            Matthew B. George
                                            GIRARD GIBBS LLP
                                            601 California Street, 14th Floor
                                            San Francisco, California  94108
                                            Telephone:  (415) 981-4800
                                            Facsimile:   (415) 981-4846
                                            E-mail: ehg@girardgibbs.com
                                            E-mail: mbg@girardgibbs.com
                                            E-mail: amz@girardgibbs.com


                                            Todd M. Schneider
                                            Joshua G. Konecky
                                            Lisa M. Bowman
                                            SCHNEIDER WALLACE COTTRELL
                                            BRAYTON KONECKY LLP
                                            180 Montgomery Street, Suite 2000
                                            San Francisco, California 94104
                                            Telephone: (415) 421-7100
                                            Facsimile: (415) 421-7105


                                            Elizabeth A. Fegan(*pro hac vice*)
                                            Daniel J. Kurowski (*pro hac vice*)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1144 W. Lake Street, Suite 400
                                            Oak Park, Illinois 60301
                                            Telephone:  (708) 628-4949
                                            Facsimile:  (708) 628-4950
                                            E-mail: beth@hbsslaw.com
                                            E-mail: dank@hbsslaw.com


                                            *Attorneys for Individual and Representative*
                                            *Plaintiff Candace Casida*

12

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 1:11-CV-01052-AWI-JLT

# EXHIBIT 1

GIRARD GIBBS LLP

**GIRARD GIBBS LLP**
Attorneys at Law

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1721
Fax: 212.867.1767

October 10, 2011

**VIA CERTIFIED MAIL/RETURN RECEIPT**

California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

     Re:    *Casida v. Sears Holdings Corporation and Sears, Roebuck & Co.*
               Case No. 1:11-cv-01052-AWI-JLT (E.D. Cal.)

Dear Sir or Madam:

     The undersigned represents Candace Casida, a former Assistant Managers at Sears' full-line retail store in Bakersfield, California.  Ms. Casida is providing notice to Sears and the California Labor & Workforce Development Agency pursuant to the California Labor Code's Private Attorney General Act, §§ 2698, *et seq.* ("PAGA"), of her complaints that Sears has violated California Labor Code sections 201, 202, 203, 226, 510, and California Industrial Welfare Commission Wage Order No. 7 (Cal. Code Regs. tit. 8, § 11070).  Ms. Casida alleges that Sears improperly classified her and other full-line retail store Assistant Managers as exempt from overtime pay, failed to properly pay them all wages due and owing at termination, and failed to provide them accurate, itemized wage statements.

     Ms. Casida has filed a proposed class action against Sears on behalf of herself and other salaried Assistant Managers in Sears' full-line California retail stores entitled *Casida v. Sears Holdings Corporation and Sears, Roebuck & Co,* Case No. 1:11-cv-01052-AWI-JLT, in the United States Court for the Eastern District of California. A copy of Ms. Casida's Class Action Complaint ("Complaint") is enclosed, which further explains the factual and legal basis for her claims that Sears has violated the California Labor Code provisions referenced above. The purpose of this letter is to exhaust the statutory requirements of PAGA before Ms. Casida seeks leave of Court to amend her Complaint to bring claims under PAGA and seek the civil penalties afforded under the statute on behalf of herself and other Sears' Assistant Managers in California. Ms. Lynne Hermle, Sears' attorney that has appeared in this proceeding to defend Sears, is copied on this correspondence.

To:    California Labor & Workforce Development Agency
Re:    *Casida v. Sears*
October 10, 2011
Page 2


        Thank you for your time and attention to this matter.  Please feel free to contact me at
(415) 544-6443 with any questions.


                              Very truly yours,

                              **GIRARD GIBBS LLP**


                              Matthew B. George


cc:    Sears Holdings Corporation c/o CT Corporation System (via Certified Mail)
       Sears, Roebuck& Co. c/o CT Corporation System (via Certified Mail)
       Lynne Hermle (via Certified Mail)
       Josh G. Konecky (via U.S. Mail)
       Elizabeth Fegan (via U.S. Mail)


Enclosures