

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
400 CAPITOL MALL
SUITE 3000
SACRAMENTO, CALIFORNIA 95814-4497

tel  +1-916-447-9200
fax +1-916-329-4900
WWW.ORRICK.COM

December 12, 2011

Jinnifer D. Pitcher
(916) 329-4929
jpitcher@orrick.com

Honorable Jennifer L. Thurston
Magistrate Judge
U.S. District Court of the Eastern District of California
1200 Truxton Avenue
Suite 120
Bakersfield, CA 93301

Re:   Casida v. Sears Holdings Corp, et al.; Case No. 11-CV-01052-AWI-JLT

Dear Judge Thurston:

The parties jointly submit this letter pursuant to the Court's order dated November 21, 2011, as an update to the parties meet and confer efforts. The parties submit that they are willing to appear via telephone conference and that all counsel shall be on the line before calling the court at (661) 326-6624.

## I.   MEET AND CONFER EFFORTS

The parties conducted their first telephonic meet and confer session on the email protocol on November 8, 2011, with counsel for Plaintiff and counsel for Defendants present, as well as a Sears in-house ediscovery attorney participating as an observer. At that meet and confer, Plaintiff asked questions about Sears' email and computer systems. The parties agreed that Plaintiff would send questions regarding Sears' systems in writing and Defendants would research those questions. Also at the meet and confer, Defendants proposed that the parties consider a written protocol to govern the discovery of electronically stored information ("ESI") generally. The parties agreed that Defendants would draft and circulate an ESI protocol for Plaintiff's review.

On November 8, 2011, Plaintiff sent its questions to Defendants. (See Exhibit A.)

On November 17, 2011, Defendants responded to Plaintiff's questions. (See Exhibit B.)

On November 18, 2011, the parties filed a joint statement indicating that their meet and confer efforts had not yet been fruitful and requested additional time to confer in advance of the court conference.

Following the Thanksgiving holiday, on November 29, 2011, Defendants circulated a draft ESI protocol. (See Exhibit C.)


ORRICK

Honorable Jennifer L. Thurston
December 12, 2011
Page 2

On December 8, 2011, the parties held a follow-up telephonic meet-and-confer session with counsel for Plaintiff, and counsel for Defendants present. Plaintiff's counsel expressed concerns that the ESI protocol proposed by Defendants focused on the processes for exchange of ESI generally, rather than containing any specific proposals for searching for email responsive to Plaintiff's outstanding discovery requests. Plaintiff's counsel stated that they preferred to seek clarification from the Magistrate Judge before proceeding. The parties agreed that Plaintiff's counsel would continue to review the ESI protocol, that Plaintiff's counsel would discuss the ESI protocol with his co-counsel, that the parties would proceed with the status conference to seek clarification from the Judge, and that Defendants would draft and circulate a proposed joint report.

## II.   AREAS ON WHICH PARTIES AGREE

The parties agree that the discovery propounded thus far in this case, and in Casida v. Sears Holdings Corporation, et al., Case No. 1:11-cv-02110 (N.D. Ill.) ("Illinois Proceedings"), implicate a potentially significant amount of ESI, including emails and ediscovery of data, including electronic payroll records.

The parties agree that they would like to agree on a protocol that would be applicable to both the California and Illinois proceedings. The parties also agree to have some form of "clawback" provision to handle the disclosure of potentially privileged information.

## III.   AREAS ON WHICH PARTIES HAVE NOT AGREED AND IMPEDIMENTS TO AGREEMENT

### A.   Plaintiff's Position

Plaintiff has received and reviewed Defendants' proposed ESI protocol and believes the parties have made progress in reaching an agreement with respect to the production of email and other relevant ESI, such as electronic payroll records. However, in order to reach a final agreement, Plaintiff would prefer that the email search protocol (whether through informal agreement or via stipulation and Court order) contain some substantive information about (1) Sears' email systems and search capabilities; (2) proposed custodians of emails responsive to Plaintiff's outstanding discovery requests; and (3) proposed search methodologies whether by sampling, search term, or other method. Plaintiff believes discovery has advanced to a point where such information could be contained in an agreed protocol because Plaintiff propounded document requests in the Illinois proceeding in July which are nearly identical to those recently propounded in the California proceeding. Thus, in order to propose any revisions to draft protocol and save the parties' time and resources, Plaintiff would like to have some guidance from the Court on whether a search protocol at this juncture should contain substantive provisions discussed above, or whether it should solely address procedures for obtaining ESI.



**ORRICK**

Honorable Jennifer L. Thurston
December 12, 2011
Page 3

### B.     Defendants' Position

Defendants' position is that it is in the parties' best interest to foster a spirit of cooperation early on with respect to ediscovery and emails, particularly in light of Plaintiff's already propounded discovery (both in this case and the Illinois proceedings) and the numerous requests that implicate ESI. Defendants are willing to discuss substantive discussions regarding specific requests and responses (including search terms, sampling, etc.), but would like the parties to agree to a framework and ESI protocol first under which to have those discussions. (See Exhibit C.)

In addition, Defendants' proposed ESI protocol will help ensure that discovery is probative of the Plaintiff's claims and increases the likelihood that Plaintiff will receive responsive documents and information, rather than objections. In addition, the ESI protocol will save both parties costs by avoiding unnecessary motion practice and discovery disputes. We understand that the Plaintiff is still reviewing the proposed ESI protocol and are willing to discuss any specific proposed changes to the protocol that Plaintiff raises.

Respectfully submitted,

*/s/Jinnifer D. Pitcher*
Jinnifer D. Pitcher

*/s/ Matthew George*
Matthew George