LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:     (650) 614-7400
Facsimile:     (650) 614-7401

SARA E. DIONNE (STATE BAR NO. 221326)
sdionne@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California  95814-4497
Telephone:     (916) 447-9200
Facsimile:     `(916) 329-4900

Attorneys for Defendants
SEARS HOLDINGS CORPORATION
and SEARS, ROEBUCK AND CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CANDACE CASIDA, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO.<br><br>              Defendants. | Case No. 1:11-cv-01052-AWI-JLT<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS AND MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OF PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:       January 23, 2012<br>Time:       1:30 p.m.<br>Dept:       2, 8th Floor<br>Judge:      Hon. Anthony W. Ishii |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ....................................................... 1

III.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS AND
        MOTION TO STRIKE ................................................................................... 2

        A.      Legal Standards ................................................................................... 2

        B.      The Court Should Dismiss Count V And Strike Plaintiff's Defective PAGA
                Allegations .......................................................................................... 3

                1.      Plaintiff Lacks Standing To Assert A Non-Class Representative
                        PAGA Claim ........................................................................... 3

                2.      This Court Is Bound By Federal, Not State, Procedural Rules ........ 5

                3.      Plaintiff Cannot Bring Her PAGA Claim Individually .................. 6

        C.      The Court Should Strike Plaintiff's Improper Attempt To Recover
                Penalties Under the UCL ...................................................................... 7

        D.      The Court Should Strike Plaintiff's Improper Attempt To Expand The
                Applicable Statute Of Limitations ........................................................ 9

IV.     CONCLUSION ............................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

Page(s)

### FEDERAL CASES

*Adams v. Luxottica U.S. Holdings Corp.*,
  2009 WL 7401970 (C.D. Cal. 2009).................................................................. 4

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)........................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................... 2, 3

*Califano v. Yamasaki*,
  442 U.S. 682 (1979)............................................................................................ 4

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. 2007).................................................................. 3

*Hanna v. Plumer*,
  380 U.S. 460 (1965)............................................................................................ 5

*Hong Kong Supermarket v. Kizer*,
  830 F.2d 1078 (9th Cir. 1987)............................................................................ 4

*Ivey v. Apogen Techs., Inc.*,
  2011 WL 3515936 (S.D. Cal. 2011) ................................................................. 4, 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)............................................................................................ 4

*Machado v. M.A.T. & Sons Landscape, Inc.*,
  2009 WL 2230788 (E.D. Cal. 2009).................................................................. 7

*Rubin v. Wal-Mart Stores, Inc.*,
  599 F. Supp. 2d 1176 (N.D. Cal. 2009) ............................................................ 8

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  130 S. Ct. 1431 (2010)....................................................................................... 6

*Sydney-Vinson v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1993)............................................................................. 3

*Thomas v. Aetna Health of Cal., Inc.*,
  2011 WL 2173715 (E.D. Cal. 2011) ................................................................. 7

ii

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

## **TABLE OF AUTHORITIES**
### **(cont'd)**

Page(s)

*Thompson v. APM Terminals Pac. Ltd.*,
    2010 WL 6309364 (N.D. Cal. 2010)...............................................................................4

*Urbino v. Orkin Servs. of Cal., Inc.*,
    2011 WL 4595249 (C.D. Cal. 2011)...............................................................................7

*Villegas v. J.P. Morgan Chase & Co.*,
    2009 WL 605833 (N.D. Cal. 2009)...............................................................................8

### **STATE CASES**

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*,
    46 Cal. 4th 993 (2009)...........................................................................................5, 6

*Arias v. Super. Ct.*,
    46 Cal.4th 969 (2009)...............................................................................................5

*Brown v. Ralphs Grocery Co.*,
    197 Cal. App. 4th 489 (2011)....................................................................................7

*Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999)..........................................................................................7, 8

*Cortez v. Purolator Air Filtration Prods. Co.*,
    23 Cal. 4th 163 (2000)............................................................................................8

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002)............................................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003)..........................................................................................7

*Pineda v. Bank of America, N.A.*,
    50 Cal. 4th 1389 (2010).......................................................................................7, 9

*Reese v. Wal-Mart Stores, Inc.*,
    73 Cal. App. 4th 1225 (1999)...................................................................................8

### **STATUTES**

Cal. Bus. & Prof. Code
    § 17203...............................................................................................................7

iii

## **TABLE OF AUTHORITIES**
### **(cont'd)**

Page(s)

Cal. Bus & Prof. Code
   § 17206 .................................................................................................................. 7

Cal. Civ. Proc. Code
   § 338 ..................................................................................................................... 9
   § 340 ..................................................................................................................... 9

Cal. Lab. Code
   § 203 (b) ............................................................................................................... 9
   § 2699 (a) ............................................................................................................. 4
   § 2699 (i) .............................................................................................................. 4

I. **INTRODUCTION**

Plaintiff Candace Casida's ("Plaintiff") Second Amended Complaint ("SAC") is deficient in three key respects.  First, her claim for penalties under California's Private Attorney General Act of 2004 ("PAGA") must be dismissed because Plaintiff lacks standing to represent others on a non-class, representative basis.  In federal court, a plaintiff seeking to represent others must comply with Federal Rule of Civil Procedure ("Rule") 23, which was promulgated to satisfy Constitutional due process requirements for one person to represent others.  Here, Plaintiff attempts to represent others without complying with Rule 23.  Regardless of whether a non-class "representative" action is permissible in state court, it is not permissible in federal court, which is governed by Federal Rules and caselaw.  Second, Plaintiff improperly seeks penalties under California's Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.* ("UCL").  Since penalties cannot be recovered under the UCL, Plaintiff's request for penalties under the UCL must be stricken.  Third, Plaintiff improperly attempts to expand the applicable statute of limitations period for Counts II and III (seeking penalties under California Labor Code sections 203 and 226 (e), respectively), and her class definition should be amended accordingly.  The Court should dismiss Plaintiff's PAGA claim in its entirety and strike from the SAC all allegations concerning PAGA, strike improper relief Plaintiff seeks under the UCL, and strike Plaintiff's reference to Counts II and III in paragraph 15 (or alternatively order Plaintiff to provide a more definite statement as to the scope of the class upon which she seeks to bring Counts II and III).

II. **STATEMENT OF RELEVANT FACTS**

Plaintiff originally filed her complaint against defendants Sears Holdings Corporation and Sears, Roebuck and Co. (collectively referred to as "Defendants") in the District Court for the Northern District of Illinois on March 28, 2011 alleging that Defendants misclassified their "Assistant Managers" as exempt.  Specifically, Plaintiff alleged a nationwide claim under the Fair Labor Standards Act ("FLSA"), as well as claims under the California Labor Code and California Business & Professions Code on behalf of a proposed California class.  Stipulation to File

/ / /

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

1    Plaintiff's Second Amended Complaint ("Stip.") ¶ 1.  On June 22, 2011, the Honorable Judge

2    Milton I. Shadur severed and transferred Plaintiff's California claims to this Court.  Stip. ¶ 3.

3            On October 12, 2011, the parties attended a scheduling conference with the Honorable

4    Magistrate Judge Jennifer L. Thurston.  Stip. ¶ 5.  Thereafter, Judge Thurston issued a scheduling

5    order setting November 21, 2011 as the last day for Plaintiff to seek leave to amend the pleadings.

6    Stip. ¶ 5.

7            On November 21, 2011, Plaintiff filed a Stipulation to File Plaintiff's Second Amended

8    Complaint.  The SAC realleges various claims under California law on behalf of the Plaintiff and

9    a proposed class of California Assistant Managers.  Among other things, Plaintiff alleges that

10   Defendants violated the UCL based on their failure to provide correct itemized wage statements

11   and maintain accurate employee time records.  SAC ¶ 40.  Additionally, in Count V of the SAC,

12   the SAC adds a new claim for penalties under PAGA on behalf of the Plaintiff individually and

13   on a "Representative Basis."  SAC ¶¶ 45-47.  Importantly, Plaintiff does not purport to be seeking

14   class certification for the PAGA claim, but nevertheless purports to represent others on a

15   representative basis.  SAC ¶ 15 (only alleging Counts I-IV under Rule 23).

16   **III.**    **THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS AND**
             **MOTION TO STRIKE**
17

18           **A.**    **Legal Standards**

19           A Rule 12 (b) (6) motion tests the legal sufficiency of the claims in the complaint.  To

20   survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is

21   plausible on its face."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

22   *Iqbal*, 129 S. Ct. 1937 (2009).  Under *Twombly* and *Iqbal*, the Court must first accept as true all

23   factual allegations, ignoring "conclusory statements" or "threadbare recitals of the elements."

24   *Iqbal*, 129 S.Ct. at 1949.  Second, the Court must test the plausibility of the claims.  *Iqbal*, 129

25   S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  If a plaintiff's allegations do not bring her

26   "claims across the line from conceivable to plausible, [her] complaint must be dismissed."

27   *Twombly*, 550 U.S. at 570.

28   / / /

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

Furthermore, "when the allegations in a complaint, however true, could not raise a claim for entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citation omitted). Dismissal of claims failing to meet the *Twombly* standard is especially vital for cases like this one, in which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559, 560 n.6; *see also In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *4 (N.D. Cal. 2007) (allowing discovery prior to determining sufficiency of allegations in cases involving burdensome discovery would "defeat one of the rationales of *Twombly*").

Pursuant to Rule 12 (f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a Rule 12 (f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sydney-Vinson v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1993).

**B.** **The Court Should Dismiss Count V And Strike Plaintiff's Defective PAGA Allegations**

Plaintiff asserts her PAGA claim in Count V on behalf of herself and on behalf of other employees on a representative basis. She does not allege that the PAGA claim satisfies the requirements of Rule 23, nor does she purport to be seeking certification of this claim. SAC ¶ 15. As set forth below, these allegations fail as a matter of law. Accordingly, the Court should dismiss Count V in its entirety, and strike Plaintiff's other PAGA allegations (SAC ¶ 24, Prayer for Relief ¶ 3).

**1.** **Plaintiff Lacks Standing To Assert A Non-Class Representative PAGA Claim**

Plaintiff asserts a PAGA claim in Count V on a representative basis, but does not purport to bring it as a proposed class action under Rule 23. *See* SAC ¶ 15 (only alleging Counts I-IV under Rule 23). Under Article III of the United States Constitution, standing in federal court is limited to those plaintiffs who can allege an injury in fact that is: (1) actual and imminent; and

1    (2) concrete and particularized. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  In

2    addition to the constitutional limitations of Article III, prudential concerns require the plaintiff to

3    "assert [her] own rights, rather than rely on the rights or interests of third parties." *Hong Kong*

4    *Supermarket v. Kizer,* 830 F.2d 1078, 1081 (9th Cir. 1987) (dismissing plaintiff's complaint

5    based upon prudential considerations of third-party standing).  Rule 23 was designed as an

6    exception to the general rule that litigation must be conducted by and only on behalf of the named

7    parties. *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979).  Here, Plaintiff does not allege her

8    PAGA claim complies with Rule 23.  If Plaintiff does not comply with Rule 23 in her attempt to

9    represent others, she lacks standing to represent other individuals. *Ivey v. Apogen Techs., Inc.,*

10   2011 WL 3515936, at *3 (S.D. Cal. 2011) (dismissing plaintiff's PAGA claim for failure to

11   comply with Rule 23).  PAGA is no exception to the prudential limitations of Article III. *Id.*

12            Although the Ninth Circuit has not yet decided this issue, several federal courts in

13   California have held that plaintiffs asserting PAGA claims on behalf of others must satisfy Rule

14   23 class certification requirements. *See Ivey,* 2011 WL 3515936, at *3 (dismissing non-class

15   representative PAGA claim where plaintiff lacked standing based on failure to meet Rule 23

16   requirements); *Thompson v. APM Terminals Pac. Ltd.,* 2010 WL 6309364, at *2 (N.D. Cal. 2010)

17   (same); *Adams v. Luxottica U.S. Holdings Corp.,* 2009 WL 7401970, at *7 (C.D. Cal. 2009)

18   ("plaintiffs lack standing to assert a non-class representative claim under PAGA").

19            There are, however, California district courts that have reached the opposite conclusion.

20   *See Ivey,* 2011 WL 3515936, at *2 (noting split in authority, but ultimately finding persuasive

21   cases holding PAGA claims are subject to Rule 23).  These cases base their holdings on the

22   assumption that the named plaintiff represents *only* the interests of the state, and not the interests

23   of third parties.  But these cases overlook the important fact that PAGA is more than just an

24   enforcement statute.  As a matter of statutory requirement, PAGA claims must be brought "by an

25   aggrieved employee on behalf of himself or herself *and other current or former employees*" who

26   are entitled to share in twenty-five percent of the recovery.  Cal. Labor Code § 2699 (a) (emphasis

27   added); Cal. Labor Code § 2699 (i) (allocating "25 percent [of the recovery] to the aggrieved

28   employees").  *See also* SAC ¶ 47 ("Plaintiff, on behalf of herself and on a representative basis for

1    other Assistant Managers currently and formerly employed at Sears' full-line retail stores in

2    California are entitled to civil penalties provided by [PAGA]").  That the majority of the recovery

3    goes to the State of California as a penalty does not eliminate the statutory requirement that

4    Plaintiff is also representing the rights and interests of unnamed third parties who are entitled to a

5    portion of any recovery.

6          Moreover, if PAGA were *only* an enforcement action, as these cases claim, it cannot

7    logically follow that PAGA claims may still be brought as class actions.  *See Arias v. Super. Ct.,*

8    46 Cal.4th 969, 981 n.5 (2009) ("Actions under [PAGA] may be brought as class actions. . . . The

9    issue here is whether such actions *must* be brought as a class action.").  If the plaintiff does not

10   represent the interests of third parties under PAGA, then the class certification analysis is

11   necessarily irrelevant to any PAGA claim because there is no class to represent.  The *Arias*

12   court's holding that PAGA claims can be brought as class actions is an acknowledgment that

13   PAGA claims are not *exclusively* enforcement actions.  Therefore, even if PAGA is

14   fundamentally a law enforcement action, a PAGA plaintiff must *also* be representing third party

15   interests.  *Id.* at 986 (finding that PAGA was "fundamentally" a law enforcement action, but not

16   *exclusively*).  Accordingly, because a PAGA plaintiff is necessarily representing third parties in

17   addition to the government, the plaintiff must satisfy Rule 23 to have standing in federal court.

18   Plaintiff's failure to allege that her representative PAGA claim complies with Rule 23 therefore

19   renders her claim defective.

20          **2.     This Court Is Bound By Federal, Not State, Procedural Rules**

21          Under the *Erie* doctrine, federal courts are bound by federal procedural rules, even when

22   applying state substantive law.  *Hanna v. Plumer,* 380 U.S. 460, 464 (1965) ("federal courts are

23   to apply state substantive law and federal procedural law").  PAGA is a procedural rule.

24   *Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.,* 46 Cal. 4th 993, 1003 (2009)

25   ("[PAGA] does not create property rights or any other substantive rights. . . . It is simply a

26   procedural statute . . .").  Therefore, although the California Supreme Court held that PAGA

27   claims can proceed in state court without being certified as class actions, *see Arias v. Superior*

28   *Court, supra,* this holding does not apply in federal courts because PAGA is procedural.  Indeed,

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

1   *Ivey* held that Article III mandates Rule 23 application to PAGA because "a plaintiff whose cause

2   of action is perfectly viable in state court under state law may nonetheless be foreclosed from

3   litigating the same cause of action in federal court, if he cannot meet federal procedural and

4   jurisdictional requirements." *Ivey*, 2011 WL 3515936, at *3 (citation omitted).

5       The United States Supreme Court recently reaffirmed the well-established rule that states

6   cannot contravene federal procedural requirements in federal courts.  In *Shady Grove Orthopedic*

7   *Assocs., P.A. v. Allstate Ins. Co.,* the Supreme Court held that Rule 23 requirements applied, even

8   where New York state law limited the circumstances in which claims for statutory penalties could

9   proceed as class actions.  130 S. Ct. 1431, 1447 (2010).  In opposition, the defendant argued that

10  New York's law was a substantive provision because it was enacted to cap damages, but even if it

11  was a procedural provision, state law applied because it was enacted for substantive reasons.  *Id.*

12  at 1443.  The Supreme Court disagreed, stating:

13      The fundamental difficulty with both these arguments is that the substantive nature
        of New York's law, or its substantive purpose, *makes no difference.*   A Federal
14      Rule of Procedure is not valid in some jurisdictions and invalid in others-or valid
        in some cases and invalid in others-depending upon whether its effect is to
15      frustrate a state substantive law (or a state procedural law enacted for substantive
16      purposes).

17  *Id.* at 1444 (emphasis in original).  Further, "a Federal Rule governing procedure is valid whether

18  or not it alters the outcome of the case in a way that induces forum shopping.  To hold otherwise

19  would be to 'disembowel either the Constitution's grant of power over federal procedure' or

20  Congress's exercise of it.'"  *Id.* at 1447 (citation omitted).  Consequently, even though the

21  California Supreme Court held that PAGA is procedural, *see Amalgamated, supra,* it would make

22  no difference even if PAGA were substantive; the California Supreme Court cannot dictate

23  federal procedure.

24      Defendants submit that the reasoning in the *Ivey* line of cases is sound and that Plaintiff

25  lacks standing to bring a non-class representative action under PAGA.

26      **3.       Plaintiff Cannot Bring Her PAGA Claim Individually**

27      Plaintiff's attempt to assert Count V on an individual basis does not save her PAGA claim

28  from dismissal.  PAGA claims cannot be brought individually; they can only be brought in a

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

1    representative capacity.  *See Urbino v. Orkin Servs. of Cal., Inc.,* 2011 WL 4595249, at *11 (C.D.

2    Cal. 2011) ("there are no separate individual claims in a PAGA action") (*citing Brown v. Ralphs*

3    *Grocery Co.,* 197 Cal. App. 4th 489, 503 n.8 (2011)); *Thomas v. Aetna Health of Cal., Inc.,* 2011

4    WL 2173715, at *10 (E.D. Cal. 2011) ("there are no individual claims for PAGA penalties");

5    *Machado v. M.A.T. & Sons Landscape, Inc.,* 2009 WL 2230788, at *2 (E.D. Cal. 2009)

6    ("Defendants are correct in asserting that a PAGA claim must be brought as a representative

7    action.").  Accordingly, Plaintiff's PAGA claim is defective in its entirety.  The Court should thus

8    dismiss Plaintiff's PAGA claim in Count V of the SAC, as well as strike the references to PAGA

9    in the SAC (SAC ¶ 24, Prayer for Relief ¶ 3).

10   **C.    The Court Should Strike Plaintiff's Improper Attempt To Recover Penalties Under the UCL**

11

12        In Plaintiff's UCL claim in Count IV of the SAC, she seeks to recover penalties based on

13   Labor Code sections 226 and 1174.  Since the UCL permits only restitution, and penalties are not

14   restitutionary, penalties cannot be recovered under the UCL.  Plaintiff's references to these

15   penalties must be stricken from her UCL claim.

16        The only remedies available to a private plaintiff under the UCL are injunctive relief and

17   restitution.  *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 179 (1999)

18   ("Prevailing plaintiffs are generally limited to injunctive relief and restitution"); *Korea Supply*

19   *Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144 (2003) (same); *see also* Cal. Bus. & Prof.

20   Code § 17203 (court may order defendant "to restore to any person in interest any money or

21   property, real or personal, which may have been acquired by means of such unfair competition.").

22   Penalties cannot be recovered in a private UCL action because they are not restitution.  *Kasky v.*

23   *Nike, Inc.,* 27 Cal. 4th 939, 950 (2002) ("In a suit under the UCL, a *public prosecutor* may collect

24   civil penalties, but a *private plaintiff's* remedies are generally limited to injunctive relief and

25   restitution") (internal quotation marks omitted) (emphases added); *Korea Supply,* 29 Cal. 4th at

26   1144 ("Civil penalties may be assessed in public unfair competition actions, but the law contains

27   no criminal provisions. (§ 17206.)  We have stated that under the UCL, '[p]revailing plaintiffs

28   are generally limited to injunctive relief and restitution.'"); *Pineda v. Bank of America, N.A.,* 50

1   Cal. 4th 1389, 1401 (2010) (under UCL, "a private plaintiff's remedies are generally limited to

2   injunctive relief and restitution") (internal quotations marks omitted);   *Reese v. Wal-Mart Stores,*

3   *Inc.*, 73 Cal. App. 4th 1225, 1240 n.8 (1999) (in discussing UCL claims, the court stated:

4   "equitable relief would not include the statutory penalties.").

5        Here, Plaintiff seeks relief under the UCL based in part on Sears' alleged "failure to

6   provide correct itemized wage statements."  SAC ¶ 40.  Although Plaintiff does not specifically

7   reference the statutory basis in her UCL claim, she is referring to California Labor Code section

8   226 (a), which provides a penalty under Section 226 (e).  Because section 226 provides a penalty,

9   Plaintiff cannot recover it under the UCL .[1]  *See Villegas v. J.P. Morgan Chase & Co.*, 2009 WL

10  605833, at *6 (N.D. Cal. 2009) (granting motion to dismiss: "claims pursuant to Labor Code §§

11  203 and 226 cannot support a § 17200 claim"); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d

12  1176, 1179 (N.D. Cal. 2009) (granting motion to dismiss: "[N]either Section 203 nor Section 226

13  can provide a basis for a Section 17200 claim, given that both statutes provide for a penalty,

14  rather than wages").  Consequently, the Court should strike the phrase "failure to provide correct

15  itemized wage statements" from page 9, lines 22-23 in Count IV of the SAC.

16       Plaintiff's UCL claim further alleges Defendants' "failure to maintain accurate employee

17  time records" and violation of Labor Code section 1174.[2]  SAC ¶ 40.  This recordkeeping statute

18  similarly cannot support Plaintiff's UCL claim because it provides no restitutionary relief.  *Cel-*

19  *Tech*, 20 Cal. 4th at 179.  Rather, section 1174.5 provides a civil penalty for willful violations of

20  section 1174.  Since penalties are not recoverable under the UCL, the Court should strike all

21  references to section 1174 and "failure to maintain accurate employee time records" from

22  paragraph 40 of the SAC (page 9, lines 22 and 25).

23       Sears is prejudiced by Plaintiff's improper attempts to recover non-restitutionary remedies

24  under the UCL.  Specifically, by asserting defective allegations under the UCL, Plaintiff seeks to

25  expand the one-year statute of limitations for a penalty claim into the four-year statute of

26  [1] Plaintiff characterizes recovery under Section 226 (e) as damages and penalties.  SAC ¶ 38.  However,

27  like penalties, damages are not recoverable under the UCL.  *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000).

28  [2] Section 1174 requires employers to maintain payroll records showing hours worked and wages earned.

- 8 -

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

1   limitations for a UCL claim, thereby arguably expanding the permissible scope of discovery.

2   Accordingly, the Court should strike Plaintiff's defective allegations from paragraph 40 of the

3   SAC.

4   **D.      The Court Should Strike Plaintiff's Improper Attempt To Expand The**
          **Applicable Statute Of Limitations**

5

6        Plaintiff's class definition improperly attempts to expand the statutes of limitation for

7   penalty claims to four years.  Plaintiff asserts Counts II (waiting time penalties under Labor Code

8   section 203) and III (itemized wage statement penalties under Labor Code section 226 (e)) on

9   behalf of "[a]ll current and former Assistant Managers employed by Sears in Sears' full-line retail

10  stores in the State of California since *March 28, 2007*." SAC ¶ 15 (emphasis added).  But Section

11  226 (e) is subject to a one-year statute of limitations, Cal. Civ. Proc. Code § 340 (providing one-

12  year statute of limitations for penalties), and Section 203 is subject to a three-year statute of

13  limitations. *See* Cal. Lab. Code § 203 (b); Cal. Civ. Proc. Code § 338; *Pineda, N.A.*, 50 Cal. 4th

14  at 1393 (claims for penalties under Section 203 not recoverable as restitution under unfair

15  competition law).  Accordingly, because Plaintiff seeks penalties outside of the applicable statutes

16  of limitation, the Court should strike the reference to Counts II and III from Plaintiff's class

17  definition in paragraph 15 of the SAC or, in the alternative, order Plaintiff to fix these defects by

18  providing a more definite statement as to the temporal scope of the various claims.

19  **IV.   CONCLUSION**

20       The Court should grant Defendants' Motion to Dismiss and Motion to Strike, or, in the

21  alternative, Motion for a More Definite Statement.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
1:11-CV-01052-AWI-JLT

1    Dated: December 19, 2011                    LYNNE C. HERMLE
                                                 JOSEPH C. LIBURT
2                                                SARA E. DIONNE
                                                 Orrick, Herrington & Sutcliffe LLP

3

4

                                                 By: _____/s/ Joseph C. Liburt_____
5                                                        JOSEPH C. LIBURT
                                                      Attorneys for Defendants
6                                                 SEARS HOLDINGS CORPORATION
                                                  and SEARS, ROEBUCK AND CO.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' MPAS ISO Mot. To Dismiss, Strike or For a
                                                 More Def. Stmt. Of Plaintiff's Sec. Am. Compl.
                                                 1:11-CV-01052-AWI-JLT