1    LYNNE C. HERMLE (STATE BAR NO. 99779)
     lhermle@orrick.com
2    JOSEPH C. LIBURT (STATE BAR NO. 155507)
     jliburt@orrick.com
3    SARA E. DIONNE (STATE BAR NO. 221326)
     sdionne@orrick.com
4    CHRISTIAN N. BROWN (STATE BAR NO. 233147)
     cbrown@orrick.com
5    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
6    Menlo Park, CA  94025-1021
     Telephone:   650-614-7400
7    Facsimile:  650-614-7401

8    Attorneys for Defendants Sears Holdings Corporation
     and Sears, Roebuck and Co.

9

10   ERIC H. GIBBS (SBN 178658)
     ehg@girardgibbs.com
     MATTHEW B. GEORGE (SBN 239322)
11   mbg@girardgibbs.com
     GIRARD GIBBS LLP
12   601 California Street, Suite 1400
     San Francisco, California  94108
13   Telephone:   (415) 981-4800
     Facsimile:   (415) 981-4846

14

15   Attorneys for Plaintiff Candace Casida
     [Additional counsel for Plaintiff listed on signature page]

16

17               UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF CALIFORNIA
18

19

20   CANDACE CASIDA, individually, and on      Case No. 1:11-cv-01052 AWI-JLT
     behalf of all others similarly situated,

21              Plaintiff,            **STIPULATED AGREEMENT AND
                                     ORDER RE ELECTRONICALLY
22          v.                          STORED INFORMATION**

23   SEARS HOLDINGS CORPORATION and
     SEARS, ROEBUCK & CO.,
24

25             Defendant.

26

27

28

& 

OHSWEST:261403183.4

1    Plaintiff Candace Casida ("Plaintiff") and Defendants Sears Holdings Corp. and Sears,

2    Roebuck and Co. ("Defendants") and collectively ("the parties") through their undersigned

3    attorneys, recognize that certain documents[1] and electronically stored information ("ESI") are

4    potentially relevant to the parties' claims and defenses in this action and the parties have engaged

5    and will soon engage, in discussions regarding the identification and production of such

6    documents and ESI.[2]

7    To facilitate the cost-effective and speedy exchange of discovery in accordance with Rule

8    26, the parties stipulate as follows:

9    **I.    SUMMARY OF CLAIMS AND DEFENSES**

10    As set forth in the parties' joint scheduling report, this case is a putative class action

11    alleging violations of California wage and hour law brought by Plaintiff Candace Casida against

12    Defendants Sears, Roebuck and Co. and Sears Holdings Corporation in connection with

13    Plaintiff's past employment with Sears, Roebuck and Co. as an "Assistant Manager" at a store in

14    Bakersfield, California. Plaintiff alleges that Defendants erroneously classified her and other

15    members of a proposed class of "Assistant Managers" as exempt from California's overtime laws,

16    resulting in the non-payment of overtime wages and other violations of California law.  Plaintiff

17    alleges that she and members of the proposed class primarily performed non-exempt job duties

18    and lack the kind of independent judgment and discretion that is needed to qualify for the

19    managerial exemptions to overtime and other wage protections under California law, and were

20    therefore entitled to overtime compensation. Plaintiff further asserts that Defendants failed to pay

21    all compensation due and owing at termination, failed to provide itemized wage statements, and

22    violated California's unfair competition law.

---

[1] The use of the word "document(s)" in this Order shall mean the following:

"[A]ny designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation [of data] by the Responding Party into a reasonably usable form" that are reasonably anticipated to be the subject of discovery in this action.

Fed. R. Civ. P. 34(a)(1)(A)

[2] Unless otherwise set forth herein, issues concerning the production of documents shall be resolved with reference to the Federal Rules of Civil Procedure ("Rule") and case law construing the same.

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-cv-01052

- 2 -

1    Defendants assert that Plaintiff and other "Assistant Managers" were properly classified as

2    exempt and were paid correctly.  Defendants dispute that this case is suitable to proceed as a class

3    action because of differences between putative class members, and the need (as required by

4    California law) for a week-by-week analysis of how each "Assistant Manager" actually spent his

5    or her time in order to establish qualification for exempt status.

6    This case was originally filed where Defendants maintain their headquarters in the

7    Northern District of Illinois, Case No. 1:11-cv-02110, and was assigned to the Honorable Milton

8    Shadur.  In her original Complaint, Plaintiff brought a claim for overtime pay on behalf of a

9    proposed nationwide class of Sears' Assistant Managers under the Fair Labor Standards Act, 29

10   U.S.C. § 201 *et seq*. ("FLSA"), as well as the claims stated above under California law.  After

11   briefing by the parties, the Court declined to retain supplemental jurisdiction over the California

12   state law claims and severed and transferred those claims to the Eastern District of California on

13   June 24, 2011 ("the California proceeding").  Plaintiff's FLSA claim remains pending in the

14   Northern District of Illinois ("the Illinois proceeding").

15   The parties agree that discovery of ESI should be probative of the claims and defenses

16   described above.

17   **II.    SUMMARY OF EDISCOVERY**

18   The parties held a meet and confer session on July 5, 2011, regarding preservation of

19   documents including ESI.  On July 11, 2011, Plaintiff propounded several discovery requests on

20   Defendants in the Illinois proceeding, including requests for documents and interrogatories that

21   potentially encompass ESI (including, but not limited to, RFP 6, 15, 16, 17, 22, 24, 29, 30, 32, 33,

22   and Interrogatory No. 3).   On September 14, and September 28, 2011, Defendants provided

23   responses and objections to those requests.

24   On November 8, 2011, the parties met and conferred as ordered by the Eastern District of

25   California to finalize an email protocol.  Plaintiff sent several questions regarding Defendants'

26   email systems and custodians, to which Defendants provided preliminary answers on November

27   17, 2011.

28   / / /

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-CV-01052

OHSWEST:261403183.4

1    On November 9, 2011, Plaintiff propounded similar discovery requests on Defendants in

2    the California proceeding, including requests for documents and interrogatories that potentially

3    encompass ESI (including, but not limited to, RFP 6, 15, 16, 17, 22, 24, 29, 30, 32, 33, and

4    Interrogatory No. 3).

5    **III.    IDENTIFICATION OF EDISCOVERY LIAISONS**

6    The parties identify their ediscovery liaisons as follows:

7    Plaintiff identifies:  Matthew George, counsel for Plaintiff.

8    Defendants identify:  Jinnifer Pitcher, outside counsel for Sears Holdings Corp. and Sears,

9    Roebuck and Co.  In addition, in-house ediscovery attorney Trevor Torrence may attend meet and

10   confer conferences as needed as an observer.

11   **IV.    MEET AND CONFER PROCESS**

12   To expedite discovery of relevant electronic evidence and reduce costs, the parties will

13   cooperate and discuss procedures or protocols to facilitate the identification, retrieval and

14   production of ESI responsive to the parties' discovery requests.  The parties agree to share

15   information about relevant sources of ESI to facilitate the discovery process and to avoid formal

16   discovery procedures (e.g., PMK depositions and interrogatories) that might otherwise be

17   required for the parties to exchange information regarding ESI, if possible.  However, if after

18   utilizing the dispute resolution process in Section V the parties are at an impasse, the parties

19   reserve their right to contend that depositions or other discovery may be necessary in case

20   informal procedures do not succeed.

21   If requested discovery is probative of the relevant issues,  the parties will meet and confer

22   to determine whether ESI is unduly burdensome and/or reasonably accessible (i.e., whether

23   parties can identify designated custodians, how data is stored, time limitations, searchability,

24   etc.).  The parties will also discuss any other anticipated burden and expense of discovery under

25   Rule 26(b)(2)(b), and if a party contends that the data is unduly burdensome or not reasonably

26   accessible, the parties will discuss cost-shifting and alternative means for obtaining information

27   (e.g., sampling, non-ESI discovery, examples, etc.).  The parties reserve their right to not produce

28   / / /

- 4 -

OHSWEST:261403183.4

1   any ESI that requires extraordinary affirmative business measures (i.e., not utilized in the

2   ordinary course of business).

3   **V.      DISPUTE RESOLUTION**

4          In the spirit of cooperation the parties shall meet and confer upon any dispute arising out

5   of the implementation of the provisions in this Protocol.  All such meet and confer discussions

6   shall be guided by any governing agreements between the parties, the Federal Rules of Civil

7   Procedure, the local rules of this court, the Judge's standing orders, and case law construing the

8   same.

9          Unless otherwise agreed to or modified by the mutual consent of the parties, the standard

10  Meet and Confer Process (the "Meet and Confer Process") will be as follows:

11         1.      The parties will meet and confer in good faith through counsel and ediscovery

12  liaisons  as well as representatives from an appropriate e-discovery vendor if necessary, either in

13  person or by phone, on any discovery dispute;

14         2.      If the parties are unable to resolve the dispute, , the parties agree to request a status

15  conference with the magistrate judge to resolve the dispute; and

16         3.      If the dispute remains unresolved after the status conference, only then shall the

17  parties move the Court for relief.

18  **VI.     CLAWBACK PROVISIONS**

19         The producing Party shall have the right to "claw back" (*i.e.*, have returned from the

20  receiving Party) any information disclosed in connection with the litigation of this case which

21  contains confidential commercial information, information protected by the attorney-client

22  privilege, information protected by the attorney work product doctrine, and any other applicable

23  privilege or immunity ("Disclosed Protected Information").  The disclosure of any Disclosed

24  Protected Information shall not be deemed a waiver or forfeiture of any claim of privilege that the

25  producing Party would be entitled to assert with respect to the Disclosed Protected Information

26  and its subject matter.  The producing Party must exercise its rights under this Paragraph by

27  providing a written notice to the receiving Party that the producing Party is invoking its right to

28  claw back such documents and identifying the documents to be returned.  Upon receipt of such

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-CV-01052

OHSWEST:261403183.4

written notice, the receiving Party shall immediately cease any use, whatsoever, of such documents.  Within ten (10) days of receiving such written notice, the receiving Party shall provide to the producing Party a written confirmation that all Disclosed Protected Information has been returned or destroyed, or state its intention to move to compel the production of Disclosed Protected Information.  Nothing in this Paragraph limits the right of any party to petition the Court for *in camera* review of the documents at issue in such a motion.

**VII.   MISCELLANEOUS**

**A.      Discoverability and Admissibility**

Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data.  All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

**B.      Discovery on Discovery**

In accordance with the spirit of cooperation reflected in this Order, written discovery regarding information technology systems, document preservation, collection, search or processing shall not be propounded unless the Requesting Party makes a good faith effort to meet and confer to obtain the information in accordance with Section IV first.  This shall not prohibit parties from asking deponents regarding the source, collection and authenticity of documents produced in response to requests for production of documents.

**C.      Illinois and California Proceedings**

The parties recognize that discovery in the matter of Casida v. Sears Holdings Corporation, et al., Case No. 1:11-cv-02110 (N.D. Ill.), may overlap or be duplicative of discovery in this matter.  To avoid additional burden and expense on the parties from having to take and produce duplicative discovery, the parties agree that information and documents produced in that lawsuit, including ESI, will be produced pursuant to the above protocol, and may also be used in this proceeding subject to any applicable objections as to the admissibility of such information and documents.  Any ESI produced in that case shall also be treated pursuant the terms of the protective order entered by the District Court for the Northern District of Illinois.  Further, this paragraph shall in no way be deemed an admission that any information or

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-CV-01052

OHSWEST:261403183.4

1  documents produced in this litigation is relevant or otherwise admissible for purposes of the

2  matter of Casida v. Sears Holdings Corporation, et al., Case No. 1:11-cv-02110 (N.D. Ill.).

3  Dated: December 23, 2011                    Lynne C. Hermle
                                               Joseph C. Liburt
4                                              Sara E. Dionne
                                               Christian N. Brown
5                                              Orrick, Herrington & Sutcliffe LLP

6

7

8                                              By: /s/ Sara E. Dionne
                                                   Sara E. Dionne
9                                              Attorneys for Defendants
                                               Sears, Roebuck and Co. and Sears
10                                             Holdings Corporation

    Dated: December 22, 2011                   Eric H. Gibbs
11                                             Matthew B. George
                                               Girard Gibbs LLP
12
                                               Elizabeth A. Fegan
13                                             Hagens Berman Sobol Shapiro LLP

14                                             Todd M. Schneider
                                               Joshua G. Konekcy
15                                             Schneider Wallace Cottrell Brayton Konecky
                                               LLP
16

17
                                               By: /s/ Matthew B. George
18                                             (as authorized on 12/22/2011)
                                                   Matthew B. George
19                                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

OHSWEST:261403183.4

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-CV-01052

1

**ORDER**

2

3

4

IT IS SO ORDERED.

5

Dated:    **December 23, 2011**                    **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED AGREEMENT RE ELECTRONICALLY STORED
INFORMATION
1:11-CV-01052

OHSWEST:261403183.4