1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, California  94025
   United States of America
5  Telephone:      (650) 614-7400
   Facsimile:      (650) 614-7401
6
   SARA E. DIONNE (STATE BAR NO. 221326)
7  sdionne@orrick.com
   JINNIFER D. PITCHER (STATE BAR NO. 252880)
8  jpitcher@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  400 Capitol Mall, Suite 3000
   Sacramento, California  95814-4497
10 Telephone:      (916) 447-9200
   Facsimile:      (916) 329-4900
11
   Attorneys for Defendants
12 SEARS HOLDINGS CORPORATION
   and SEARS, ROEBUCK AND CO.
13
   (additional counsel listed on signature page)
14

15              UNITED STATES DISTRICT COURT

16            EASTERN DISTRICT OF CALIFORNIA

17                  FRESNO DIVISION

18

19 CANDACE CASIDA, individually, and on        Case No. 1:11-cv-01052-AWI-JLT
   behalf of all others similarly situated,
20                                             **STIPULATION REGARDING USE OF**
                  Plaintiff,                   **CONFIDENTIAL INFORMATION AND**
21                                             **PROTECTIVE ORDER**
           v.
22
   SEARS HOLDINGS CORPORATION
23 and SEARS, ROEBUCK & CO.

24               Defendants.

25

26

27

28

OHSWEST:261410055.3

**AGREED PROTECTIVE ORDER**

Plaintiff Candace Casida ("Plaintiff"), and Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (collectively "Sears") (Plaintiff and Sears and hereinafter referred to singularly as a "Party" and collectively as the "Parties"), by and through their attorneys, pursuant to Federal Rule of Civil Procedure 26 and after review of this Court's Case Management Procedures regarding protective orders, agree and stipulate that the following Protective Order preserving the confidentiality of Confidential Material should be entered by the Court:

1. This protective order shall bind each Party.

2. The Parties and their counsel recognize that discovery in this case may encompass the production of documents, oral testimony, written responses to discovery requests, and other disclosure of information that may contain confidential, proprietary, sensitive, and personal information of a non-public nature (hereinafter referred to as "Confidential Material"). Confidential Material includes, but is not limited to, documents or information that contain or reflect specific confidential, sensitive or personal information including, without limitation, personnel files, other personnel-related information, trade secrets, commercial information, business strategies, financial records, and any other records that contain specific confidential, proprietary, sensitive or personal information. Any Party may designate Confidential Material as such as set forth in Paragraph 7 and Confidential Material may be disclosed only to the Qualified Persons listed in Paragraph 4 of this Order. The entry of this Protective Order shall not be construed as a waiver of any right to assert a defense or objection, including but not limited to, an objection to the furnishing of information in response to a request for discovery.

3. Except as provided by Paragraph 17 below, all information or documents designated as Confidential Material in accordance with this Order shall be used only for the purpose of prosecuting and defending this lawsuit (including any appeals) and all information or documents designated as Confidential Material shall not be used for any other litigation or publication or release to the media, or for any other purpose whatsoever. All information designated as Confidential Material in accordance with this Protective Order shall not be given, shown, divulged, made available, or communicated in any way to anyone except to those persons

OHSWEST:261410055.3

- 1 -

1  designated in this Protective Order to whom it is necessary that such documents or information be

2  given, shown, made available, or communicated for purposes permitted under this Paragraph.

3       4.    The persons other than the Court and the Court's reporter, clerk, and Court staff

4  having access to Confidential Material ("Qualified Persons") shall be limited to the following:

5          (a)    Retained and corporate attorneys for the Parties, including members,

6                associates and employees of such counsel or their firms for purposes of the

7                prosecution or defense of this litigation;

8          (b)    The Parties to this action and their principals, employees, representatives

9                and agents charged with responsibility for the prosecution and defense of

10               the litigation, provided that access is given only for that purpose;

11         (c)    Court reporters transcribing testimony or arguments in this case;

12         (d)    Outside experts retained or consulted by any Party only for the purpose of

13               the prosecution or defense of this litigation, and employees of such

14               persons, provided such person has read a copy of this Protective Order and

15               signed a copy of the Consent to be bound by Protective Order  attached as

16               Exhibit A;

17         (e)    Potential witnesses in any deposition or testimonial Court proceeding in

18               this litigation, solely for the purpose of the prosecution or defense of this

19               litigation, provided such person has read a copy of this Protective Order

20               and signed a copy of the Consent to be bound by Protective Order  attached

21               as Exhibit A; and

22         (f)    Mediators, provided such person has read a copy of this Protective Order

23               and signed a copy of the Consent to be bound by Protective Order  attached

24               as Exhibit A.

25  No person shall make any disclosure of Confidential Material to any person falling within

26  categories (d), (e) or (f) above without first obtaining from any such person a signed statement in

27  the form attached hereto as Exhibit A.  Either Party may request of the other, a copy (if any) of

28  said signed statement(s) to counsel.  Subject to applicable privileges, the other Party must

OHSWEST:261410055.3

1    promptly comply with such a request by providing copies of the signed statement(s) within five

2    (5) business days of such a request.  If a Party objects to the disclosure of information to a

3    particular person, the Party objecting to such disclosure shall have five (5) days to move the Court

4    for a protective order barring such disclosure and no such disclosure shall be made until further

5    order of the Court.

6         5.      All persons to whom Confidential Material is disclosed shall treat that information

7    as confidential and shall take reasonable precautions to secure the Confidential Material and

8    prevent unauthorized disclosure.  Any copies of Confidential Material may only be re-produced

9    for the necessary purposes in this litigation, shall be subject to the provisions of this Protective

10   Order, and shall not be given to persons other than those permitted access by this Protective

11   Order.

12        6.      If a Party desires to file with the Court any documents, pleadings, motions,

13   transcripts, or other papers containing or disclosing information designated as Confidential

14   Material by another Party, the filing Party shall first apply to the Court to file such Confidential

15   Material under seal consistent with Local Rules 140-141 and the Court's orders.  No filing under

16   seal, or any other designation as a restricted document, is to be permitted without previously-

17   obtained court approval.  Nothing in this Protective Order shall preclude any Party from using

18   Confidential Information at the trial of this litigation; provided that all Confidential Material

19   admitted into evidence at trial and all related testimony at trial shall be introduced under seal and

20   shall remain under seal pursuant to the Court's orders.

21        7.      Confidential Material produced by either Party shall be clearly marked

22   "CONFIDENTIAL."  Counsel may also designate deposition testimony provided in connection

23   with this proceeding as Confidential Material either at the time such testimony is taken, or within

24   ten (10) days after receipt of the transcript of such testimony.  The failure to designate

25   information or items does not waive the right to later designate Confidential Material, and upon

26   discovery of an inadvertent or otherwise non-designation, the producing Party will immediately

27   notify the receiving Party (in writing) and the information, document or material identified will be

28   treated as if it has been originally designated as Confidential Information and will be subject to

OHSWEST:261410055.3

the terms of this Protective Order.  If it comes to a Party's attention that information or documents designated as Confidential Material do not qualify for protection, all Parties should be promptly notified.  The Parties are prohibited from making mass, indiscriminate, or routine designations of Confidential Material.

8.      In the event any Party having possession, custody or control of any information which has been produced and designated Confidential Material receives a subpoena, other process or order to produce such information in a civil action, proceeding, or investigation other than this case, the Party in possession of the Confidential Material shall (a) notify the attorneys of record of the producing Party; (b) provide their attorneys of record with a copy of the subpoena, process or order; and (c) reasonably cooperate in maintaining the Confidential Material as required by this Order by: (i) not disclosing any Confidential Material in response to the subpoena, process or order during the time period from which the request for Confidential Material is received and provided to the producing Party's attorneys until any objection to production of the material must be filed by the producing Party; and (ii) if  an objection is filed by the disclosing Party, not produce or disclose any Confidential Material until the objection is ruled upon by the appropriate court, agency, or tribunal.

9.      Upon final termination of this action, whether by settlement, dismissal or other disposition (including any appeals), all originals and copies of Confidential Material in the possession of a Party, counsel, or other Qualified Person to whom Confidential Material has been disclosed, shall be destroyed or, upon the request of the producing Party, returned at the producing Party's expense.

10.     At any stage of these proceedings, any Party may object to the designation of Confidential Material.  Any Party must notify the producing Party in writing of any objection to whether designated Confidential Material qualifies as such under this Protective Order, and counsel for the Parties shall meet and confer within seven (7) days regarding the objection and shall make all reasonable efforts to resolve the dispute.  If the Parties do not resolve the dispute, the objecting Party may move the Court for an order releasing the material from the designation as Confidential Material consistent with the Court's Local Rules and standing orders for resolving

OHSWEST:261410055.3

- 4 -

1    discovery disputes.   The designated Confidential Material will remain subject to the protections

2    of this Order until the dispute is resolved by the Parties or ruled on by the Court.

3          11.     Notwithstanding the foregoing provisions, the producing Party shall have the right

4    to redact from all documents produced in discovery any of the following in accordance with Fed.

5    R. Civ. P. 5.2 and Local Rule 140:  Social Security or taxpayer-identification numbers; day and

6    month of birth dates; names of minor children; all but the last four digits of financial account

7    numbers.  If the Parties have a dispute about the redaction of information, it shall be resolved in

8    accordance with the provisions of Paragraph 10.

9          12.     Pursuant to Federal Rule of Evidence 502, the producing Party shall have the right

10   to "claw back" (*i.e.*, have returned from the receiving Party) any information disclosed in

11   connection with the litigation of this case which contain information protected by the attorney-

12   client privilege, attorney work product doctrine, and any other applicable privilege or immunity

13   ("Disclosed Protected Information").  The disclosure of any Disclosed Protected Information

14   shall not be deemed a waiver or forfeiture of any claim of privilege that the producing Party

15   would be entitled to assert with respect to the Disclosed Protected Information and its subject

16   matter.  The producing Party must exercise its rights under this Paragraph by providing a written

17   notice to the receiving Party that the producing Party is invoking its right to claw back such

18   documents and identifying the documents to be returned.  Upon receipt of such written notice, the

19   receiving Party shall immediately cease any use, whatsoever, of such documents.  Within ten (10)

20   days of receiving such written notice, the receiving Party shall either (1) provide to the producing

21   Party a written confirmation that all Disclosed Protected Information has been returned or

22   destroyed, or (2) move to compel the production of Disclosed Protected Information.  Any such

23   motion may not assert as a ground for entering such an order the fact or circumstances of the

24   disclosure.  Nothing in this Paragraph limits the right of any party to petition the Court for *in*

25   *camera* review of the documents as issue in such a motion.

26         13.     This Protective Order is without prejudice to the right of any Party to seek relief

27   from or modification of any provision contained herein by agreement of the Parties or by motion

28   to the Court.  The Parties may not agree to amend the terms of this Protective Order requiring

OHSWEST:261410055.3

1   Court approval prior to filing restricted documents under seal in Paragraph 6 and the requirement

2   that a Party move the Court for the return of restricted documents within 60 days of the case

3   being closed in Paragraph 9 without Court approval.

4        14.    Any non-party who is producing discovery materials in this litigation may obtain

5   the benefits of the terms and protections of this Agreed Protective Order by designating pursuant

6   to the terms of this Agreed Protective Order as "CONFIDENTIAL" the discovery materials that

7   the non-party is producing.

8        15.    This Protective Order shall be effective when signed by counsel for the Parties and

9   entered by the Court.

10       16.    Nothing herein constitutes or may be interpreted as a waiver by any Party of the

11   protections afforded under the attorney-client privilege or the attorney work product doctrine.

12       17.    The Parties recognize and agree that information and documents produced in the

13   matter *Casida v. Sears Holdings Corporation, et al*., Case No. 1:11-cv-02110 (N.D. Ill.) ("Illinois

14   Proceedings"), from which this matter originated may also be used in this matter subject to any

15   applicable objections as to the admissibility of such information and documents.  Any

16   Confidential Material designated in the Illinois Proceedings shall be treated pursuant the terms of

17   any protective order entered by this Court as well as any protective order entered by the District

18   Court for the Northern District of Illinois.  Further, this paragraph shall in no way be deemed an

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1  admission that any information or documents produced in the Illinois Proceedings is relevant or

2  otherwise admissible for purposes of this matter.

3                                        Respectfully submitted,

4  DATED: January 11, 2012              HAGENS BERMAN SOBOL SHAPIRO LLP

5

6                                        By: /s/ Matthew B. George
                                         (as authorized on 1/11/2012)
7                                        Eric H. Gibbs
                                         Matthew B. George
8                                        GIRARD GIBBS LLP
                                         601 California Street, 14th Floor
9                                        San Francisco, California  94108
                                         Telephone:  (415) 981-4800
10                                       Facsimile:   (415) 981-4846
                                         E-mail: ehg@girardgibbs.com
11                                       E-mail: mbg@girardgibbs.com

12                                       Todd M. Schneider
13                                       Joshua G. Konecky
                                         Lisa M. Bowman
14                                       SCHNEIDER WALLACE COTTRELL
                                         BRAYTON KONECKY LLP
15                                       180 Montgomery Street, Suite 2000
                                         San Francisco, California 94104
16                                       Telephone: (415) 421-7100
                                         Facsimile: (415) 421-7105
17

18                                       Elizabeth A. Fegan (pro hac vice)
19                                       Daniel J. Kurowski (pro hac vice)
                                         1144 W. Lake Street, Suite 400
20                                       Oak Park, Illinois 60301
                                         Telephone:  (708) 628-4949
21                                       Facsimile:  (708) 628-4950
                                         E-mail: beth@hbsslaw.com
22                                       E-mail: dank@hbsslaw.com

23                                       Attorneys For Individual and Representative Plaintiff
24                                       Candace Casida

25

26

27

28

OHSWEST:261410055.3

1    DATED:  January 11, 2012                    ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3                                                By:  _/s/ Jinnifer D. Pitcher_____
                                                 Lynne C. Hermle
4                                                Joseph C. Liburt
                                                 1000 Marsh Road
5                                                Menlo Park, CA  94025
                                                 Telephone:  (650) 614-7400
6                                                Facsimile:  (650) 614-7401

7                                                Sara E. Dionne
                                                 Jinnifer D. Pitcher
8                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 400 Capitol Mall, Suite 3000
9                                                Sacramento, California  95814-4497
                                                 Telephone:     (916) 447-9200
10                                               Facsimile:      (916) 329-4900

11                                               Paul R. Garry
12                                               Erika Dillon
                                                 Jason E. Barsanti
13                                               MECKLER BULGER TILSON MARICK &
                                                 PEARSON LLP
14                                               123 North Wacker Drive, Suite 1800
15                                               Chicago, Illinois  60606
                                                 Telephone:  (312) 474-7900
16                                               Facsimile:  (312) 474-7898

17                                               Attorneys for Sears Holdings Corporation
18                                               and Sears, Roebuck and Co.

19

20   IT IS SO ORDERED.

21   Dated:   __January 12, 2012__              _____/s/ Jennifer L. Thurston_____
                                                 UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

OHSWEST:261410055.3

- 8 -

**EXHIBIT A**

I, _____, hereby acknowledge that I have reviewed the

attached Agreed Protective Order in the matter of *Casida v. Sears Holdings Corp., et al.*, Case

No. 1:11-cv-01052-AWI-JLT (E.D. Cal.), and that I will comply with the terms of said Protective

Order in all respects.  I hereby expressly submit to the jurisdiction of the United States Court for

the Eastern District of California for the purpose of enforcing the Protective Order, including any

contempt of Court proceeding.




Date: _____         Signature:_____

OHSWEST:261410055.3

- 9 -

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3          The undersigned, an attorney, hereby certifies that on January 11, 2012, a true and correct

4    copy of the foregoing Agreed Protective Order was filed by CM/ECF, which caused notice to be

5    delivered to all counsel of record.

6

7                                      By: <u>/s/ Jinnifer D. Pitcher_____</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHSWEST:261410055.3