1  Eric H. Gibbs
2  Matthew B. George
   GIRARD GIBBS LLP
3  601 California Street, 14th Floor
   San Francisco, California  94108
4  Telephone:  (415) 981-4800
   Facsimile:   (415) 981-4846
5  E-mail: ehg@girardgibbs.com

6
   Joshua G. Konecky
7  SCHNEIDER WALLACE COTTRELL
   BRAYTON KONECKY LLP
8  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
9  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
10

11 *Attorneys for Individual and Representative*
   *Plaintiff Candace Casida*
12
   (additional counsel on signature page)
13

14          **UNITED STATES DISTRICT COURT**

15     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

16                **FRESNO DIVISION**

17

18  CANDACE CASIDA, individually, and on    Case No. 1:11-cv-01052-AWI-JLT
    behalf of all others similarly situated,
19                                           **PLAINTIFF'S OPPOSITION TO**
                              Plaintiff,     **DEFENDANTS' MOTION TO DISMISS**
20          v.                               **AND MOTION TO STRIKE OR, IN**
                                             **THE ALTERNATIVE, FOR A MORE**
21  SEARS HOLDINGS CORPORATION and           **DEFINITE STATEMENT OF**
    SEARS, ROEBUCK & CO.,                    **PLAINTIFF'S SECOND AMENDED**
22                                           **COMPLAINT**

23                        Defendants.
                                             Date: January 30, 2011
24                                           Time: 1:30 p.m.
                                             Dept.: 2, 8th Floor
25                                           Judge: Hon. Anthony Ishii

26

27

28

──────────────────────────────────────────────

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................... 1

II.     RELEVANT PROCEDURAL BACKGROUND ........................................ 1

III.    ARGUMENT ........................................................................................... 2

        A.      Plaintiff Is Not Required to Plead Her PAGA Claim as a Rule 23
                Class Action. ................................................................................ 2

                1.      The California Supreme Court and the Majority of Federal
                        Courts Have Held PAGA Claims Do Not Have to Be Brought as
                        Class Actions. ................................................................... 2

                2.      PAGA Claims Differ Significantly Difference From Traditional
                        Rule 23 Class Action Claims. ............................................ 4

                3.      Not All Representative Actions Must Be Treated as Class Actions ........... 5

                4.      Plaintiff Has Standing to Bring Her Representative PAGA Action
                        For Civil Penalties in Federal Court. .............................. 6

                5.      The Holding in *Shady Grove* Does Not Require PAGA Claims
                        to Proceed Under Rule 23. ............................................... 6

        B.      Plaintiff Will Strike References to Labor Code Sections 206 and 1174 in
                Her UCL Claim. ............................................................................ 7

        C.      Plaintiff's Class Definition Does Not Seek To Extend the Statute
                of Limitations. ............................................................................. 7

        D.      Plaintiff Should Be Given Leave To Amend ..................................... 8

i

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Cases**</u>                                                                                     <u>**Page**</u>

3
*Adams v. Luxottica U.S. Holdings Corp.*
    2009 WL 7401970 (C.D. Cal. July 24, 2009) ……………………………………4

4

5
*Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*
    46 Cal.4th 993 (2009)………………………………………………………7

6

7
*Arias v. Superior Court*
    46 Cal.4th 969 (2009)……………………………………………….……2, 5

8

9
*Cardenas v. McLane Foodservice, Inc.*
    No. SACV 10–473 DOC (FFMx), 2011 WL 379413 (C.D. Cal. Jan. 31, 2011)...3, 4, 6, 7

10

11
*General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*
    446 U.S. 318 (1980)  …………………………………………………………5, 6

12

13
*Ivey v. Apogen Techs, Inc.*
    2011 WL 3515936 (S.D. Cal. Aug. 10, 2011)……………………………………4

14

15
*Machado v. M.A.T. & Sons Landscape, Inc.*
    No. 2:09-cv-00459-JAM-JFM, 2009 WL 2230788 (E.D. Cal. July 23, 2009)………...3, 4

16
*McKenzie v. Fed. Express Corp.*
    765 F.Supp.2d 1222 (C.D. Cal. 2011)…………………………………………3, 4, 6

17

18
*Mendez v. Tween Brands, Inc.*
    No. 2: 10-cv-00072-MCE-DAD, 2010 WL 2650571 (E.D. Cal. May 1, 2010)….3, 4, 6, 7

19

20
*Ochoa-Hernandez v. Cjaders Foods, Inc.*
    No. C 08-2073 MHP, 2010 WL 1340777 (N.D. Cal. Apr. 2, 2010) …………………4, 5

21

22
*Sample v. Big Lots Stores, Inc.*
    No. C 10-03276 SBA, 2010 WL 4939992 (N.D. Cal. Nov. 30, 2010)………………...4, 5

23
*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*
    130 S. Ct. 1431 (2010)  …………………………………………………6, 7

24

25
*Thomas v. Aetna Health of California, Inc.*
    Case No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715 (E.D. Cal. June 2, 2011)...3, 4, 6

26

27
*Thompson v. APM Terminals Pac. Ltd.*
    2010 WL 6309364 (N.D. Cal. Aug. 26, 2010) ………………………………………...4

28

PLAINTIFF'S OPPOSITION TO SEARS' MOTION TO DISMISS
CASE NO. 1:11-CV-01052-AWI-JLT

1

2

*Urbino v. Orkin Services of California, Inc.*
   No. 2:11-cv-06456-CJC (PJWx), 2011 WL 4595249 (C.D. Cal. Oct. 5, 2011) .........3, 4

3

*Washington v. Chimei Innolux Corp.*
   659 F.3d 842 (9th Cir. 2011)……………………………………………………...5

4

5

**Statutes**

Cal. Bus. & Prof. Code §§ 17200, *et seq*………………………………………………..2

6

7

Cal. Labor Code. § 2699, *et seq* ………………………………………………………2, 4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   <u>INTRODUCTION</u>

Defendants Sears Holding Corporation's and Sears, Roebuck and Co.'s, ("Sears") Motion to Dismiss and Strike, or In the Alternative, for a More Definite Statement ("Motion") asks the Court to deny Plaintiff Candace Casida the right to pursue her claims under the California Labor Code's Private Attorney General Act ("PAGA"), Section 2699 *et seq*., without obtaining class certification.  This position has been rejected by a majority of the District Courts, including this District, as well as the California Supreme Court.  As a proxy for the state of California, Plaintiff has standing to pursue her PAGA enforcement action and obtain civil penalties for the Labor Code violations alleged in her Second Amended Complaint ("SAC"), namely that Sears misclassified her and other Sears' Assistant Managers as exempt from overtime pay.  To do so, however, she need not meet the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  Sears' motion should be denied.

## II.   <u>RELEVANT PROCEDURAL BACKGROUND</u>

Plaintiff originally filed this action in the District Court for the Northern District of Illinois alleging violations of the Fair Labor Standards Act and California state laws.  *See* Docket No. 1.  Plaintiff's claims stem from Sears' misclassification of her and other Assistant Managers as exempt employees, despite the fact that they have little, if any, executive or administrative authority, and are subject to company-wide policies and procedures that require them to spend a majority of their working hours performing non-exempt work such as merchandising, assisting customers, and maintaining the stores, at least in significant part because Sears strictly controls its labor costs and limits the hours of work of hourly retail associates in accordance with sales expectations.  (SAC at ¶¶ 9-11.)

Plaintiff's California state law claims for overtime pay and associated penalties were severed from her FLSA claim and transferred to this Court on June 22, 2011.  *See* Docket No. 58.  Plaintiff then filed her SAC to plead only the transferred California state law claims, and to add a claim for civil penalties under PAGA after she provided the requisite notice to the California Labor and Workforce Development Agency.  *See* Docket No. 77.  Her FLSA claim

PLAINTIFF'S OPPOSITION TO SEARS' MOTION TO DISMISS
CASE NO. 1:11-CV-01052-AWI-JLT

1  collective action remains pending in the Northern District of Illinois, Case No. 1:11-cv-02110-

2  MIS-NRN.  On December 19, Sears filed its Motion.

3  **III.   ARGUMENT**

4    **A.   Plaintiff Is Not Required to Plead Her PAGA Claim as a Rule 23 Class**

5      **Action.**

6      Plaintiff's SAC alleges three claims for violations of the California Labor Code, and a

7  claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.,

8  ("UCL") because of Sears' misclassification of her and fellow Sears retail store Assistant

9  Managers as exempt from overtime.  These four claims (Counts I-IV) are plead as proposed class

10 actions pursuant to Rule 23.  However, Plaintiff did not plead her PAGA claim as a Rule 23 class

11 action nor is she required to.

12     **1.   The California Supreme Court and the Majority of Federal Courts**

13       **Have Held PAGA Claims Do Not Have to Be Brought as Class**

14       **Actions.**

15     Plaintiff's PAGA claim, while being a representative action, is distinct from traditional

16 class actions and is not necessarily subject to class action procedures.  In September 2003 the

17 California Legislature enacted PAGA because it determined that it was in the public interest to

18 allow aggrieved employees to recover civil penalties for Labor Code violations in the place of

19 state agencies that lacked the capacity and resources to bring the actions themselves.  *Arias v.*

20 *Superior Court*, 46 Cal.4th 969, 981 (2009).  A private PAGA plaintiff thus "functions as a

21 substitute for an action brought by the government itself" on behalf of his or her self and the

22 other "aggrieved employees."  *Id*. at 986; Cal. Labor Code. § 2699(a).  In a successful PAGA

23 action seventy-five percent of the civil penalties recovered are distributed to the state, while the

24 aggrieved employees receive the remaining twenty-five percent.  Cal. Labor Code. §§

25 2699(f),(g).

26     Although a PAGA claim is brought on behalf of other aggrieved employees, the

27 California Supreme Court held that an action under PAGA does not need to satisfy class action

28 requirements. *Arias,* 46 Cal.4th at 981-87.  After reviewing the legislative history of PAGA, the

California Supreme Court concluded that PAGA actions are distinct from class actions because the PAGA plaintiff acts as "the proxy or agent of the state's labor law enforcement agencies" and that "[t]he act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves." *Id.* at 986. The California Supreme Court found class action treatment of PAGA claims unnecessary to meet the legislature's goals. *Id*. at 980-87.

The Ninth Circuit has not addressed whether PAGA actions brought in federal court must meet the requirements of Rule 23. *See McKenzie v. Fed. Express Corp.,* 765 F.Supp.2d 1222, 1233 (C.D. Cal. 2011). However, the weight of federal court authorities, including this judicial district, permit plaintiffs to bring PAGA claims without having to satisfy the Rule 23 class action framework. *Id.*; *Mendez v. Tween Brands, Inc.,* No. 2: 10–cv–00072–MCE–DAD, 2010 WL 2650571, at *2-4 (E.D. Cal. May 1, 2010); *Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-cv-00459-JAM-JFM, 2009 WL 2230788, at *3 (E.D. Cal. July 23, 2009); *Urbino v. Orkin Services of California, Inc.*, No. 2:11-cv-06456-CJC (PJWx), 2011 WL 4595249, at *4 (C.D. Cal. Oct. 5, 2011); *Cardenas v. McLane Foodservice, Inc.,* No. SACV 10–473 DOC (FFMx), 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011). Fundamental to many of these rulings is the finding that a PAGA claim is a law enforcement action – not a class action, and therefore is not subject to Rule 23. *Mendez,* 2010 WL 2650571, at *4; *Urbino*, 2011 WL 4595249, at *4; *McKenzie,* 765 F.Supp.2d at 1233-34; *Cardenas,* 2011 WL 379413, at *3.

In a recent case in this District, *Thomas v. Aetna Health of California, Inc.*, Case No. 1:10-cv-01906-AWI-SKO, Magistrate Judge Oberto undertook a thorough analysis of this issue and found that:

> [T]the majority view among the district courts following *Arias* creates the following framework: (1) PAGA actions must be filed as representative actions on behalf of other current and former employees; (2) while PAGA actions may be brought as class actions, Rule 23 certification is not necessary to the extent PAGA actions are brought in a non-class representative capacity; and (3) prudential standing concerns as to non-class representative PAGA suits are either satisfied (*Cardenas*) or inapplicable (*Mendez* and *McKenzie*).

*Thomas*, 2011 WL 2173715, *13 (E.D. Cal. June 2, 2011); *see also Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, *3-4 (N.D. Cal. Nov. 30, 2010) (representative actions under PAGA are not class actions within the meaning of the Class Action Fairness Act); *Ochoa-Hernandez v. Cjaders Foods, Inc.*, No. C 08-2073 MHP, 2010 WL 1340777, *4-5 (N.D. Cal. Apr. 2, 2010) (discussing the differences between PAGA actions and class actions).

Sears relies on the minority view stated in three cases from courts in other Districts that have come to the opposite conclusion.  Motion at 4 (citing *Ivey v. Apogen Techs, Inc.*, 2011 WL 3515936, at *3 (S.D. Cal. Aug. 10, 2011); *Thompson v. APM Terminals Pac. Ltd.*, 2010 WL 6309364, at *2 (N.D. Cal. Aug. 26, 2010); *Adams v. Luxottica U.S. Holdings Corp.*, 2009 WL 7401970, at *7 (C.D. Cal. July 24, 2009)).  However, the Eastern District has resoundingly rejected the rulings in these cases and followed the majority approach, permitting plaintiffs to bring non-class representative actions under PAGA without satisfying the requirements of Rule 23.  *Thomas*, 2011 WL 2173715, at *10-13; *Mendez*, 2010 WL 2650571, at *3 n.4; *Machado*, 2009 WL 2230788, at *3.

       **2.**     **PAGA Claims Differ Significantly Difference From Traditional Rule 23 Class Action Claims.**

PAGA claims and class actions have significant differences that have been recognized by numerous courts.  *Sample*, 2010 WL 4939992, at *3 ("a PAGA claim is fundamentally distinct in both purpose and effect from a class action.").  First, as stated above, PAGA claims are law enforcement actions brought by an aggrieved employee as a proxy on behalf of the state. *Thomas*, 2011 WL 2173715, at *12-13; *Mendez,* 2010 WL 2650571, at *4; *Urbino*, 2011 WL 4595249, at *4; *McKenzie,* 765 F.Supp.2d at 1233-34; *Cardenas,* 2011 WL 379413, at *3.

Second, the remedy for successfully pursuing a PAGA claim is a civil penalty, not back wages or other damages generally available in civil actions for violations of the California Labor Code.  Cal. Labor Code. § 2699(f),(g).  As the court in *Cardenas* explained:

> As an action for penalties, a PAGA claim is distinct from a traditional action for damages.  And a PAGA action does not preclude individuals from pursuing civil suits for damages under the Cal. Labor Code. Cal. Labor Code § 2699(g).  Accordingly, PAGA plaintiffs do not hold the rights and obligations of a class in their

hands.

Since PAGA plaintiffs neither represent the rights of a class nor recover damages, a PAGA claim neither purports to be a class action nor intends to accomplish the goals of a class action.

2011 WL 379413, at *3. *See also Sample*, 2010 WL 4939992, at *3 ("PAGA claims serve to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees" citing *Arias*, 46 Cal.4th at 985.)

Third, resolution of Plaintiff's PAGA claim does not prevent other Sears' Assistant Managers from vindicating their private rights against Sears for overtime pay in concurrent or subsequent litigation. *Ochoa-Hernandez*, 2010 WL 1340777, at *3 ("a PAGA claim does not preclude unnamed plaintiffs from pursuing their private interests against an employer"). Class actions work differently. *Id*. at *4 (PAGA claims lack the binding finality of class actions, where class members are "bound by a judgment against the class").

These differences are instrumental to the majority view that PAGA claims can, but are not required to adhere to the Rule 23 framework.

### 3.    Not All Representative Actions Must Be Treated as Class Actions

A PAGA claim is a representative suit, but not all representative actions are class actions, despite the converse being true. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) ("[C]lass actions are always representative actions, but representative actions are not necessarily class actions.") (California Attorney General suit seeking damages for consumers is a representative suit but not a class action). In an enforcement action akin to PAGA, the U.S. Supreme Court held that representative enforcement actions on behalf of aggrieved employees pursued by the EEOC did not need to obtain class certification pursuant to Rule 23. *General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318, 333-34 (1980) ("[T]he EEOC may maintain its § 706 civil actions for the enforcement of Title VII and may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant to Federal Rule of Civil Procedure 23."); *see also Ochoa-Hernandez*, 2010 WL 1340777, at *3 (analogizing EEOC enforcement actions to PAGA actions). The authority

5

1  finding that representative enforcement actions need not meet Rule 23 standards even when

2  some private interests may be at stake dooms Sears' argument that Rule 23 must be met here just

3  because aggrieved employees will receive some portion of the civil penalty recovery for a

4  successful PAGA claim.  Motion at 5.  *See General Tel.*, 446 U.S. at 324 ("That backpay relief is

5  authorized is no basis for imposing the Rule 23 framework in an EEOC enforcement action.").

6        **4.**    **Plaintiff Has Standing to Bring Her Representative PAGA Action**

7                    **For Civil Penalties in Federal Court.**

8         Plaintiff has standing in federal court to pursue her PAGA representative action on behalf

9  of the state and fellow aggrieved employees.  In *Thomas*, this Court rejected the argument that

10  plaintiffs do not have standing to bring non-Rule 23 representative PAGA actions.  2011 WL

11  2173715, at *12 ("[T]he *McKenzie*, *Cardenas*, and *Mendez* courts determined that the nature of

12  PAGA renders standing limitations inapplicable.").  The California Legislature confers standing

13  to private attorney generals like Plaintiff to bring actions on behalf of aggrieved employees

14  because the state "is unable to effectively collect the civil penalties authorized by law, and

15  private litigants are well positioned to serve the public interest by collecting these penalties." *Id.*

16  quoting *Cardenas*, 2011 WL 379413, at *5; *see also Mendez*, 2010 WL 2650571, at *3 n.4

17  ("Plaintiffs do not assert the rights of third parties, but rather represent the interests of state labor

18  law enforcement agencies.")  *McKenzie,* 765 F.Supp.2d at 1234 ("PAGA claims are not class

19  actions, and because these claims are law enforcement actions there is no standing issue

20  precluding [plaintiff] from pursuing this claim.").  Sears' objection to Plaintiff's standing should

21  be denied.

22        **5.**    **The Holding in *Shady Grove* Does Not Require PAGA Claims to**

23                    **Proceed Under Rule 23.**

24         Courts have twice previously rejected the argument that the holding in *Shady Grove*

25  *Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), requires PAGA claims to

26  proceed on a Rule 23 basis.  *See Cardenas*, 2011 WL 379413, at *3; *Mendez*, 2010 WL 2650571,

27  at *4.  *Shady Grove* is only applicable to class action cases, but "PAGA claims, by definition, are

28  not class actions." *Mendez*, 2010 WL 2650571, at *4.  In *Shady Grove*, the Supreme Court held

PLAINTIFF'S OPPOSITION TO SEARS' MOTION TO DISMISS
CASE NO. 1:11-CV-01052-AWI-JLT

1   that federal courts should permit class actions when the requirements of Rule 23 are met, not that

2   federal courts must require Rule 23 class treatment of any and all representative actions, such as

3   Plaintiff's enforcement action brought under PAGA.  *Shady Grove*, 130 S. Ct. at 1437-39.

4          Courts have also recently rejected Sears' contention that PAGA is a purely procedural

5   statute.  In doing so, they have distinguished *Amalgamated Transit Union, Local 1756, AFL-CIO*

6   *v. Super. Ct.*, 46 Cal.4th 993 (2009), a case that does not address PAGA in the Rule 23 context,

7   but Sears nevertheless relies on.  Motion at 5 (citing *Amalgamated Transit Union, Local 1756,*

8   *AFL-CIO*, 46 Cal.4th. at 1003).  For example, this District in *Mendez* and the Central District in

9   *Cardenas* held that the ruling in *Amalgamated Transit* was a narrow one based on the non-

10  transferability of the PAGA claim to a union and that PAGA was not purely a procedural statute.

11  *Cardenas*, 2011 WL 379413, at *2 (to characterize PAGA as "wholly procedural ... would be to

12  ignore the intent of the legislature in passing the statute.") quoting *Mendez*, 2010 WL 2650571,

13  at *2-3 ("[T]he bringing of a private claim under PAGA is a procedure, but one that serves the

14  important function of protecting the "public interest." Such a statute is distinct in purpose and

15  function from a purely procedural rule, such as the method for service of process or formatting a

16  complaint.")

17         Consistent with the majority approach, Plaintiff's pursuit of PAGA penalties on behalf of

18  herself and other aggrieved employees for Sears' violations of the Labor Code does not need to

19  proceed as a Rule 23 class action.

20  **B.       Plaintiff Will Strike References to Labor Code Sections 206 and 1174 in**

21  **          Her UCL Claim.**

22         Plaintiff does not oppose striking references to violations of California Labor Code

23  sections 206 and 1174 in Count IV of the SAC.

24  **C.       Plaintiff's Class Definition Does Not Seek To Extend the Statute of**

25  **          Limitations.**

26         Plaintiff provided a single class definition applicable to Counts I-IV, intended to include

27  all class members employed since March 28, 2007, four years prior to the date on which Plaintiff

28  filed her initial complaint in the Northern District of Illinois.  SAC at ¶ 15.  While some counts

of Plaintiff's SAC may have shorter statutes of limitations than four years, that may be resolved by limiting applicable damages and penalties under those claims should the claims be certified. Regardless, Plaintiff believes the appropriate time to address the scope of the class definition is at the class certification stage.  If necessary now, however, Plaintiff can provide multiple distinct class definitions for her claims in an amended complaint.

### D.    Plaintiff Should Be Given Leave To Amend

If the Court is inclined to grant any part of Sears' motion with respect to her PAGA claim, Plaintiff respectfully requests leave to amend.

DATED:  January 13, 2012                 Respectfully submitted,


By:    /s/ Matthew B. George

Eric H. Gibbs
Matthew B. George
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
E-mail: ehg@girardgibbs.com
E-mail: mbg@girardgibbs.com
E-mail: amz@girardgibbs.com

Todd M. Schneider
Joshua G. Konecky
Lisa M. Bowman
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Elizabeth A. Fegan (*pro hac vice*)
Daniel J. Kurowski (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, Illinois 60301
Telephone:  (708) 628-4949
Facsimile:  (708) 628-4950
E-mail: beth@hbsslaw.com

PLAINTIFF'S OPPOSITION TO SEARS' MOTION TO DISMISS
CASE NO. 1:11-CV-01052-AWI-JLT

1    E-mail: dank@hbsslaw.com

2    *Attorneys for Individual and Representative*
     *Plaintiff Candace Casida*