**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE CASIDA, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION; and SEARS, ROEBUCK & CO.<br><br>Defendants. | 1:11-cv-01052-AWI-JLT<br><br>ORDER RE: MOTION TO DISMISS AND STRIKE OR FOR A MORE DEFINITE STATEMENT IN THE ALTERNATIVE<br><br>(Docs. 81-81-2) |

**I. INTRODUCTION**

Defendants Sears Holdings Corporation and Sears, Roebuck & Co. have filed a motion to dismiss and strike portions of the second amended complaint of plaintiff Candace Casida. For reasons discussed below, the motion shall be granted in part and denied in part.

**II. FACTS AND PROCEDURAL BACKGROUND**

On December 5, 2011, plaintiff Candace Casida, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), filed her second amended class action complaint

(SAC) against defendants Sears Holdings Corporation and Sears, Roebuck & Co. (hereinafter referred to as "Defendants"), asserting five causes of action for (1) violation of California Labor Code for failure to pay overtime wages, (2) violation of California Labor Code for failure to pay all compensation due and owing at termination, (3) violation of California Labor Code for failure to provide itemized wage statements, (4) violation of California Business and Professions Code §§ 17200 et seq. and (5) violation of the Private Attorney General Act of 2004 (PAGA, California Labor Code §§ 2698 et seq.). The first through fourth causes of action were asserted against Defendants by Plaintiff in an individual capacity and on behalf of all others similarly situated; the fifth cause of action was asserted against Defendants by Plaintiff in an individual capacity and on a representative basis. In the general allegations section of the SAC, Plaintiff alleged as follows:

> "8. Sears owns and operates approximately 900 'full-line' Sears-branded retail stores throughout the United States that sell apparel, home furnishings, hardware and electronics. [¶] 9. Sears employs multiple Assistant Managers in each of its full-line retail stores, and there is almost always more than one Assistant Manager on duty during business hours. At each store, Sears also employs retail associates who are compensated on an hourly basis and are eligible to earn overtime."

Plaintiff further alleged:

> "Assistant Managers, while given some limited responsibilities in addition to those held by non-exempt associates, do not exercise independent judgment and discretion on matters of significance, do not perform work directly related to management policies or general business operations of Sears, do not manage the stores and departments in which they work, and do not have the authority to conduct management duties on a regular basis. Instead, Assistant Managers at Sears are primarily engaged in non-exempt work on a day-to-day basis. Such non-exempt work activities include merchandising, working the cash register, assisting customers with routine inquiries, stocking shelves, cleaning fixtures . . . . Assistant Managers are required to perform these tasks day-in and day-out and spend the majority of their working hours engaged in these non-exempt tasks."

Plaintiff further alleged:

> "10. In order to ensure their assigned departments meet Sears corporate standards and are up to date with current products and promotions, Assistant Managers, who are not eligible for overtime pay, work long hours before the stores open and after the stores close performing non-exempt work such as setting up sales racks and appropriate signage for displays. Much of this non-exempt work is required to be performed by Assistant Managers because Sears maintains a company-wide policy and practice of strictly controlling labor costs, and in particular, the hours of work of retail associates in accordance with sales expectations. [¶] 11. The limited job responsibilities Assistant Managers are given in addition to those held by other non-exempt store

employees, such as scheduling associates and interviewing prospective employees, are strictly prescribed by company policies and procedures. Nonetheless, these activities do not comprise the majority of Assistant Managers [sic] working hours, are not their primary duties and do not make the job properly classified as exempt."

Plaintiff further alleged:

"12. Sears prohibits its Assistant Managers from recording the time they spend working. Instead, regardless of the number of hours worked in a given week, Sears' payroll system automatically logs a pre-set number of hours per pay period. As an Assistant Manager at Sears' Bakersfield, California retail store, Plaintiff regularly worked more than 60 hours per week and sometimes more than 12 hours in a day. Plaintiff was classified as an 'exempt' employee by Sears and was compensated on a salary basis at the rate of $40,000 per year . . . . Sears maintains a policy and practice of classifying all of its Assistant Managers as 'exempt' employees under the California Labor Code and does not pay them overtime wages.

Plaintiff further alleged:

"13. Sears maintains a policy and practice of not paying its Assistant Managers all the wages due and owing to them at termination. Aside from failing to pay the overtime wages owing to its Assistant Managers, Sears also does not properly pay its Assistant Managers employed in California for all accrued vacation time in violation of the California Labor Code. [¶] 14. Plaintiff resigned from employment with Sears on or about November 5, 2010, after working for Sears since February 2007. Her last day of employment was on or about November 9, 2010. Plaintiff was not provided a final pay check until November 30, 2010, and that paycheck did not include all wages due and owing to her."

On December 19, 2011, Defendants filed their motion to dismiss and strike portions of the SAC. On January 13, 2012, Plaintiff filed her opposition to Defendants' motion. On January 23, 2012, Defendants filed their reply to Plaintiff's opposition.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); see Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual

3

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  The court may also strike "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

## IV. DISCUSSION

As a threshold matter, Defendants move to dismiss the fifth cause of action for violation of PAGA, contending (1) a representative enforcement action under PAGA is a class action subject to the pleading requirements of Federal Rule of Civil Procedure 23 (with which Plaintiff has not complied) and (2) that, in any case, such a claim may not be asserted in an individual capacity.  In this district, a PAGA claim asserted on a non-class representative basis, as here, is not considered a class action but a law enforcement action, and therefore does not have to meet the requirements of Rule 23. *Thomas v. Aetna Health of California, Inc.,* slip copy, 2011 WL 2173715, at *13 (E.D.Cal. June 2, 2011); *Mendez v. Tween Brands,* slip copy, 2010 WL 2650571, at *4 (E.D.Cal. July 1, 2010). However, as Defendants correctly observe, the claim must be brought as a representative suit, but may not be brought individually. *Machado v. M.A.T. & Sons Landscape, Inc.,* slip copy, 2009 WL 2230788, at *3-*4 (E.D.Cal. July 23, 2009); *Thomas, supra,* 2011 WL 2173715, at *10 (relying on *Machado, supra,* 2009 WL 2230788, at *1-*3).  Accordingly, Defendants' motion to dismiss the

fifth cause of action is denied to the extent the claim is asserted by Plaintiff on a representative basis, but granted without leave to amend to the extent the claim is asserted by Plaintiff individually.

Defendants further move to strike references to California Labor Code §§ 226 and 1174 under the fourth cause of action for violation of California Business and Professions Code §§ 17200 et seq.[1]  Plaintiff concedes the references should be stricken.  Accordingly, Defendants' motion to strike references to §§ 226 and 1174 in the fourth cause of action is granted without leave to amend.

Lastly, Defendants request that the Court strike the proposed class definition in paragraph 15 of the SAC or order Plaintiff to provide a more definite statement.  Paragraph 15 provides: "Plaintiff brings Counts I-IV of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and as the Class Representative for a class of the following persons: [¶] All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the State of California since March 28, 2007."  Defendants contend paragraph 15 improperly attempts to expand the statutes of limitations applicable to the second and third causes of action by including class members whose claims are barred by those limitations periods.

The second and third causes of action alleged, among other things, violations of California Labor Code §§ 203 and 226, respectively.  A claim for willful failure to pay wages under section 203 is subject to a three-year limitations period.  *See* Cal. Code Civ. Proc., § 338, subd. (a).  A claim for penalties under section 226 is subject to a one-year limitations period.  *See* Cal. Code Civ. Proc., § 340, subd. (a). Because Plaintiff's putative class includes individuals employed by Defendants since 2007, the class could conceivably include members for whom the limitations periods under sections 203 and 226 have now expired.  In the Court's view, however, Defendants' motion to strike the class allegations are premature.  "[T]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quoting *Mercantile*

---

[1] Section 1174 is specifically invoked under the fourth cause of action; section 226 is incorporated by reference to previous allegations.

5

*Nat. Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)). Thus, the issue would be more properly resolved after Plaintiff has had an opportunity to conduct discovery for the purpose of certifying the lawsuit as a class action or on motion for summary judgment. Accordingly, Defendants' motion to strike paragraph 15 of the SAC is denied.

The Court further finds the SAC meets the requirements of Rule 8(a) and a more definite statement under Federal Rule of Civil Procedure 12(e) is unwarranted. Rule 12 provides in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants do not contend the proposed class definition is so vague or unintelligible that they cannot adequately respond to the SAC. Instead, they essentially seek a more specific class definition, or separate class definitions for each of Plaintiff's claims. Again, any issues regarding class definition may be resolved on motion for class certification. Accordingly, Defendants' motion for a more definite statement is denied.

## V. DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the fifth cause of action in the SAC is denied to the extent the claim is asserted by Plaintiff on a representative basis, but granted without leave to amend to the extent the claim is asserted by Plaintiff individually. Defendants' motion to strike references to California Labor Code §§ 226 and 1174 in the fourth cause of action in the SAC is granted without leave to amend. Defendants' motion to strike paragraph 15 in the SAC is denied. Defendants' motion for a more definite statement is denied.

IT IS SO ORDERED.

Dated:   January 25, 2012                              _____
                                                      CHIEF UNITED STATES DISTRICT JUDGE