UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE CASIDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEARS HOLDING CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01052 AWI JLT<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS WITHOUT PREJUDICE |

Before the Court, is the request to seal documents filed by Plaintiff. Notably, Plaintiff seeks an order sealing her memorandum of points and authorities in support of the motion for class certification and five emails-full of exhibits. Not one of these lodged documents demonstrates, through highlighting, by reference to particular line numbers or otherwise, the *specific information sought to be sealed*. Moreover, it appears Plaintiff is under the mistaken belief that she is entitled to file redacted copies of these same documents, without first having demonstrated that the information <u>should be sealed</u> or allowing the Court time to consider her request to seal.

Indeed, Plaintiff asserts,

> In submitting this Request, Plaintiff takes no position as to whether the documents Sears has designated as confidential do or do not meet any legal basis for withholding them from the public record, but is requesting that they (and the testimony and portions of Plaintiff's brief that reference them) be sealed pursuant to Sears' designations and Plaintiff's obligations under the Protective Order.

Plaintiff seems to be under the mistaken impression that it is left to the Court to examine every one of the documents submitted to decide, based upon its own rationale—without benefit of any legal authority, analysis or citation to specific portions of the protective order that is in place, whether the data should be sealed. To do this, the Court would be required either to guess at which material on the submitted pages Plaintiff seeks to seal or to painstaking compare each lodged document with the improperly redacted, filed copies.[1] Alternatively, Plaintiff believes that, rather than *requesting*[2] the Court consider sealing specific portions of specific documents for specific reasons, that the Court *is required* to seal any document she requests.   Either way, Plaintiff is sadly misguided.

Perhaps Plaintiff is unaware that this Court is the busiest in the entire nation and its judicial resources are sorely taxed.  The Court is unaware of any authority that would allow Plaintiff the wholesale abdication of her obligations set forth by the protective order to seek a sealing order as to certain information or that would absolve her of any responsibility for the supporting her request to seal with legal authority and analysis.

In any event, the Court lacks the time and the willingness to cull through the nearly 400 pages provided by Plaintiff to determine which of these documents or portions thereof, contain information that is of such a nature that requires the Court to deprive the public of its right to scrutinize them.

**ORDER**

1.      Plaintiff's request to seal documents related to her motion for class certification is **DENIED WITHOUT PREJUDICE**;

2.      Plaintiff is admonished that any further requests to seal documents SHALL set forth the

---

[1] Local Rule 140(b) **prohibits** parties from filing redacted documents unless authorized by the Court. Notably, the protective order in this case reads,
> If a Party desires to file with the Court any documents, pleadings, motions, transcripts, or other papers containing or disclosing information designated as Confidential Material by another Party, the filing Party **shall first apply to the Court** to file such Confidential Material under seal consistent with Local Rules 140-141 and the Court's orders. **No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval.**

(Doc. 87 at 4, emphasis added)

[2] Counsel for Plaintiff is reminded that a "request," asks; a "demand" tells. Generally, a litigant *asks* the Court and, in response, the Court *tells* the litigant what the result will be.  It appears that Plaintiff's counsel has forgotten Plaintiff's role in this action.

specific pieces of information, identified by page and line number and with highlighting of the information on the lodged document, and SHALL be supported by legal authority and analysis.

IT IS SO ORDERED.

Dated: **May 11, 2012**         **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE