UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE CASIDA,<br><br>                  Plaintiff,<br><br>          v.<br><br>SEARS HOLDING CORPORATION et al.,<br><br>                  Defendants. | Case No.: 1:11-cv-01052 AWI JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PARTY REQUEST TO SEAL DOCUMENTS<br><br>(Docs. 108, 116) |

Before Court are two requests[1], filed by Defendants to seal certain documents upon which they intend to rely in opposing Plaintiff's motion for class certification (Doc. 99).  (Docs. 108, 116)

These requests are controlled by Federal Rule of Civil Procedure 26(c).  The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

---

[1] It is not clear to the Court why Defendants filed two separate requests.

1

Generally, documents filed in civil cases are presumed to be available to the public. <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. <u>EEOC</u> at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

After the Court's review, it finds that certain of the information detailed below, in fact, reveals confidential, non-public information about the parties' private corporate operations. As to this information, the request is **GRANTED**. However, as to any information that is non-substantive, the request is **DENIED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' request to seal is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The request as to the following material is **GRANTED** and the Clerk of the Court is **DIRECTED** to file these documents under seal:

        i. The identified portions of Exhibits 3, 4, 5, 6 and Exhibits 11, 12, 13, 14, 16, 17, 18, 19, 21, 23, 24, 25 to the George declaration;

        ii. Exhibits G-J of the Dionne declaration;

        iii. Exhibit K to the Strand declaration;

        ii. The personal identifiers and all contact information in Exhibits A through F of the Dionne declaration;

    b. The request as to the following material is **DENIED**:

        i. The remaining information in Exhibits A through F of the Dionne declaration exclusive of the personal identifiers and all contact information;

2. <u>Within two court days of service of this order</u>, Defendants **SHALL** lodge to JLTORders@caed.uscourts.gov, copies of the documents to be sealed with the information to be sealed **highlighted** such to distinguish this information from the information that will not be sealed;

3. <u>Within two court days of service of this order</u>, Defendants **SHALL** file redacted copies of the sealed documents, consistent with this order, on the public document.

IT IS SO ORDERED.

Dated:   **June 25, 2012**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE