Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
E-mail: ehg@girardgibbs.com

Joshua G. Konecky
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

A.J. Bhowmik
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
E-mail: norm@bamlawca.com

*Attorneys for Individual and Representative
Plaintiffs Candace Casida*

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| CANDACE CASIDA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO.,<br><br>Defendants. | Case No. 1:11-cv-01052-AWI-JLT<br><br>**STIPULATION AND ORDER REGARDING THE FILING OF REDACTED DOCUMENTS AND REQUESTS TO SEAL DOCUMENTS IN CONNECTION WITH PLAINTIFF'S CLASS CERTIFICATION MOTION** |

**INTRODUCTION**

1. Plaintiff Candace Casida ("Plaintiff") and Defendants Sears Holdings Corporation and Sears, Roebuck & Co. (collectively, "Sears" or "Defendants") (Plaintiff and Defendants are hereafter referred to as the "Parties"), through their respective counsel of record, agree and stipulate as follows:

**BACKGROUND**

2. On May 11, 2012, Plaintiff filed her Motion for Class Certification ("Motion"). In connection with her Motion, Plaintiff lodged with the Court a request to seal certain exhibits to the Declaration of Matthew B. George in Support of Plaintiff's Motion ("George Declaration") that contained documents and deposition testimony Sears had designated as confidential pursuant to the Protective Order entered in this case. Plaintiff also lodged and requested to seal an unredacted copy of her Memorandum of Law in Support of Plaintiff's Motion that contained references and quotations from Sears' confidentially designated documents and testimony. Plaintiff mistakenly filed redacted copies of these documents on the public docket excising the material and references thereto that Sears had designated confidential.

3. The Court denied without prejudice Plaintiff's Request to Seal Documents. [Dkt. # 105] Plaintiff then initiated meet and confer under the Protective Order with Sears regarding the documents that Sears marked as confidential and that Plaintiff submitted in connection with her Motion in order to determine whether any future sealing requests would be necessary, and to obtain Sears' legal and factual basis that would support a sealing request.

4. On June 22, 2012, Sears filed its Opposition to Plaintiff's Motion and submitted two Requests to Seal Documents. The first request asked the Court to seal the documents and deposition testimony provided with the George Declaration that Plaintiff originally lodged with the Court in connection with her Motion. The request did not seek to seal any portion of Plaintiff's Memorandum of Law. The second request asked the Court to seal documents submitted by Sears in connection with its Opposition to Plaintiff's Motion.

5. On June 25, 2012, the Court issued an order granting in part and denying in part Sears' requests to seal documents ("Sealing Order"). [Dkt. # 122] The Court ordered Sears to

lodge with the Court copies of the documents to be sealed with the information to be sealed highlighted. *Id*. at ¶ 2. The Court also ordered Sears to file redacted copies of the sealed documents, which include exhibits to the George Declaration, on the public docket. *Id*. at ¶ 3. Sears then requested that Plaintiff, rather than Sears, e-file the redacted versions of the George Declaration after Sears prepared the redacted copies.

6. On June 26, 2012, the Parties met and conferred regarding Sears' request and the Court's Sealing Order and discussed the best methods to address any future request to seal documents in connection with Plaintiff's upcoming reply papers in support of her Motion ("Reply").

7. As a result of the meet and confer, the Parties agreed to the following, subject to Court approval, in an effort to lessen the burden on the Parties and the Court in connection with the current and any future sealing requests arising from Plaintiff's Motion:

    a. First, Sears will provide Plaintiff with redacted versions of the exhibits to the George Declaration that the Court agreed to seal in its Sealing Order to ensure Sears' designated information is kept confidential and Plaintiff will file redacted versions of these documents on the public docket. The parties contacted the Court's Clerk to obtain preliminary approval to proceed in this fashion.

    b. Second, Sears has determined that it does not seek to seal or redact any portion of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion. Accordingly, Sears agrees it does not object to Plaintiff publicly filing an unredacted version this document on the public record.

    c. Third, in order to facilitate the proposed sealing of documents, if any, in connection with Plaintiff's Reply papers, Plaintiff shall lodge her Reply papers with the Court but not publicly file them. Sears shall then have seven (7) days to review Plaintiff's Reply papers and make an appropriate request to seal any documents it has designated as confidential that have been lodged by Plaintiff. If no such request is made within seven (7) days, Plaintiff shall file the lodged documents on the public docket within three (3) days thereafter. Under this

1  stipulation, Sears, rather than Plaintiff, will have the burden of moving to seal any
2  documents and testimony submitted by Plaintiff in her Reply papers that Sears
3  designated confidential after those documents are lodged with the Court rather
4  than have Plaintiff simultaneously file a request to seal such documents.

## STIPULATION

NOW THEREFORE, good cause appearing, the Parties, through their respective counsel of record, stipulate as follows:

1. Defendants **SHALL** e-file redacted copies of the sealed documents referenced in paragraph 1(a)(ii)-(iv) of the June 25, 2012 Sealing Order, on the public docket.

2. Defendant **SHALL** provide Plaintiff with redacted copies of the sealed documents with the George Declaration referenced in paragraph 1(a)(i) of the June 25, 2012 Sealing Order, and Plaintiff **SHALL** e-file redacted copies of the George Declaration on the public docket.

3. <u>By June 29, 2012</u>, Plaintiff **SHALL** file an unredacted copy of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Class Certification, on the public docket.

4. Plaintiff **SHALL** lodge her Reply papers via email, including any supporting documents and testimony, to jltorders@caed.uscourts.gov and Defendants by July 13, 2012. Defendants will have until July 20, 2012, to submit a request to seal any documents lodged by Plaintiff. If Defendants do not make such a request by July 20, 2012, Plaintiff **SHALL** publicly file such lodged documents on the public docket by July 23, 2012.

This Stipulation shall be effective when signed by counsel for the Parties and entered by the Court.

**IT IS SO STIPULATED**

DATED: June 28, 2012                    Respectfully submitted,

By:   /s/ Matthew B. George

3
STIPULATION AND ORDER REGARDING SEALED DOCUMENTS
CASE NO. 1:11-CV-01052-AWI-JLT

|   |   |
|---|---|
| 1 | Eric H. Gibbs |
| 2 | Matthew B. George |
|   | GIRARD GIBBS LLP |
| 3 | 601 California Street, 14th Floor |
|   | San Francisco, California  94108 |
| 4 | Telephone:  (415) 981-4800 |
| 5 | Facsimile:   (415) 981-4846 |
|   | E-mail: ehg@girardgibbs.com |
| 6 | E-mail: mbg@girardgibbs.com |

*Attorneys for Individual and Representative Plaintiff Candace Casida*

By:      /s/ Jinnifer D. Pitcher
Jinnifer D. Pitcher
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:  (916) 329-7944
Facsimile:  (916) 329-4900

*Attorneys for Defendants*

IT IS SO ORDERED.

Dated:   **June 28, 2012**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE